UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV13-5704 CAS (Ex) | | Date | December 13, 2013 |
|---|---|---|---|---|
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFTS' CONSOLIDATED MOTION TO DISMISS, OR IN THE ALT., FOR MORE DEFINITE STATEMENT, OR TO STRIKE PORTIONS OF THE COMPLAINT (Dkt. 13, filed November 8, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of December 16, 2013, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On August 7, 2013, plaintiff Bioriginal Food and Science Corporation ("Bioriginal") filed this action against defendants Biotab Nutraceuticals Inc. ("Biotab"), Global Product Management, Inc. ("Global"), Gregory Andruk, and Adam Zwicker.[1] Plaintiff's complaint asserts claims for (1) breach of contract; (2) account stated; (3) open book account; (4) goods provided; (5) misappropriation of tradesecrets/misappropriation of business; (6) promissory fraud; (7) negligent misrepresentation; (8) violation of Cal. Bus. & Prof. Code § 17200; (9) aiding and abetting misappropriation; (10) aiding and abetting promissory fraud; and (11) aiding and abetting negligent misrepresentation.

On November 8, 2013, defendants filed a motion to dismiss Bioriginal's complaint pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, defendants move for a more

---

[1] On November 5, 2013, the parties stipulated to the dismissal of Zwicker. Dkt. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV13-5704 CAS (Ex) | Date | December 13, 2013 |
|---|---|---|---|
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | |

definite statement pursuant to Fed. R. Civ. P. 12(e), and to strike references to punitive damages and attorney's fees pursuant to Fed. R. Civ. P. 12(f). Bioriginal filed an opposition on November 25, 2013, and defendants filed a reply on December 2, 2013. The parties' arguments are presently before the Court.

**II. BACKGROUND**

Plaintiff Bioriginal is a health and nutritional products company based in Saskatoon, Saskatchewan, Canada. Compl. ¶ 2. On or around November 2012, plaintiff alleges that it entered into an agreement with defendants Biotab and Global to deliver shipments of two health supplement products produced by plaintiff, Eye Formula Softgels ("Softgels") and Ultra Krill Capsules ("Capsules"). This agreement allegedly specified that defendants would purchase at least 12 million units of Softgels at a price of $0.125 per unit, and at least 15 million Capsules at a price of $0.24 per unit. Id. ¶¶ 10, 16.[2] These agreements were allegedly negotiated on behalf of Biotab and Global by defendant Andruk and former defendant Zwicker. Id. ¶ 23.

On December 12, 2013, plaintiff delivered the first shipment of 3.5 million Softgels to defendants. Pursuant to the agreement, defendants were required to pay $475,500 for this first shipment on or before January 18, 2013. Id. ¶ 12. Similarly, plaintiff delivered two shipments of the Capsules on January 31, 2013, and February 12, 2013. Plaintiff alleges that $290,039.28 was due for the first shipment by March 2, 2013, and that $495,700.80 was due for the second shipment by March 14, 2013. Id. ¶ 18. Plaintiff alleges, however, that defendants have not made any payment for any of the shipments, or any of the remaining contracted-for product, with the exception of a single $10,000 payment. Id. ¶¶ 13-14, 21-22. Plaintiff further alleges that despite repeated representations by defendants that payment would begin shortly, defendants in fact never had any intent to perform under the contract. Id. ¶¶ 25-26.

---

[2] Paragraph 10 of the complaint lists the unit price for the Softgels at $125 per unit. Plaintiff's opposition, as well as calculations in subsequent paragraphs of the complaint, show that the alleged unit price was instead $0.125. See compl. ¶¶ 12, 14; Opp. at 2. For purposes of this motion, the Court assumes that plaintiff is alleging a unit price of $0.125 per unit, and that the $125 figure listed in paragraph 10 is a typographical error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV13-5704 CAS (Ex) | Date | December 13, 2013 |
|---|---|---|---|
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | |

'O'

## III. LEGAL STANDARD

### A. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

O

| Case No. | CV13-5704 CAS (Ex) | Date | December 13, 2013 |
|---|---|---|---|
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | |

other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

O

| Case No. | CV13-5704 CAS (Ex) | Date | December 13, 2013 |
|---|---|---|---|
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | |

falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV. DISCUSSION

### A. Claim for Breach of Contract, and Common Count Claims for Account Stated, Open Book Account, and Goods Provided

To state a claim for breach of contract, plaintiff must allege "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001). Here, plaintiff alleges that in or about November 2012, plaintiff agreed with defendants to supply at least 12 million units of Softgels at a price of $0.125 per unit, and at least 15 million Capsules at a price of $0.24 per unit. Compl. ¶¶ 10, 16. Plaintiff further alleges that from December 2012 to February 2013, it delivered 3.5 million units of Softgels and roughly 3.25 million units of the Capsules to defendants. Id. ¶¶ 12,18. Plaintiff claims that, to date, it has received no payment from defendants for either the already delivered product or the remaining contracted-for product, with the exception of a single $10,000 payment. Id. ¶¶ 21-22.

The Court finds that plaintiff has stated a claim for breach of contract. Plaintiff has alleged a contract (the agreement to deliver the product), performance (delivery of the initial product shipments), breach (defendants' failure to pay), and damages (loss of both the payments and the already-delivered product). Although these allegations do not specify all aspects of the transaction between plaintiff and defendants, they are sufficiently detailed to set forth a "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8.

Defendants' arguments for dismissal are unpersuasive. Defendants argue that plaintiff has failed to sufficiently allege a contract because the complaint does not set forth verbatim the terms of the agreement or attach a copy of the contract to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

O

| Case No. | CV13-5704 CAS (Ex) | Date | December 13, 2013 |
|---|---|---|---|
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | |

complaint. "As support for this proposition, [defendants] rel[y] on state law pleading standards, which specify that '[a] written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect.' . . . However, state procedural rules are not controlling in a federal court action. See Kassa v. BP West Coast Prods., LLC, 2008 WL 3494677 at *4 (N.D. Cal. Aug.12, 2008) (finding that California procedural rule requiring submission of written agreement does not apply in federal courts). Rather, under Rule 8, the pleader need only provide a short and plain statement that gives the defendant 'fair notice' of the claims being alleged against it. . . . Liberally construed, [p]laintiff's allegations are sufficient to state a claim for breach of contract." Clark v. FLA Card Servs., N.A., 2010 WL 2232161 (N.D. Cal. June 3, 2010).

For similar reasons, the Court also finds that plaintiff has adequately pled its three common count claims for account stated, open book account, and goods provided. The only essential allegations of a common count are (1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment. Farmers Ins. Exchange v. Zerin, 53 Cal. App. 4th 445, 460 (1997). Here, as discussed above, plaintiff's complaint alleges that defendants owe $4,652,5000 on their account with plaintiff, compl. ¶¶ 35, 43 and $775,740 for the shipments already delivered, id. ¶ 49. Plaintiff also alleges that these amounts are owed for the product allegedly purchased by defendants, and that defendants have not yet paid. See, e.g., id. ¶ 44. Accepting plaintiff's allegations as true, as the Court must at this stage, Pareto,139 F.3d at 699, the Court finds that plaintiff has adequately pled its common count claims for repayment.

### B. Claim for Misappropriation of Trade Secrets

Plaintiff next alleges that defendants misappropriated plaintiff's trade secret information regarding the formulation and production process of the Softgels and the Capsules. Compl. ¶¶ 51-57. To state a claim for misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), a plaintiff must allege two elements: "(1) the existence of a trade secret, and (2) misappropriation of the trade secret." AccuImage Diagnostics Corp. v. Terarecon, Inc., 260 F. Supp. 2d 941, 950 (N.D. Cal. 2003) (citing Cal. Civ. Code § 3426.1(b)). Defendants argue that plaintiff's complaint does not sufficiently identify the trade secrets at issue, or how defendants allegedly misappropriated the supposed trade secrets.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV13-5704 CAS (Ex) | Date | December 13, 2013 |
|---|---|---|---|
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | |

After reviewing the complaint, the Court agrees that plaintiff does not adequately allege misappropriation. Misappropriation "is defined by the Uniform Act as [improper] acquisition of a trade secret or disclosure of a trade secret or use of a trade secret." Glue–Fold, Inc. v. Slautterback Corp., 82 Cal. App. 4th 1018, 1025 (2000). Here, paragraph 54 of the complaint states:

> Defendants have misappropriated Plaintiff's trade secret information and/or valuable business information by obtaining possession of the information without the authorization and consent of Plaintiff, by disclosing the Products' ingredients to third parties without the authorization and consent of Plaintiff; and or by making the Products public through their sale to third parties without the authorization and consent of Plaintiff.

This allegation does not explain what defendants are alleged to have done to acquire the "Products' ingredients," nor who the "third parties" are, nor why making the products available for sale would disclose plaintiff's trade secrets. To the extent that plaintiff appears to be alleging that defendants somehow discovered the "Products' ingredients" from the products themselves, such discovery would likely not constitute misappropriation under CUTSA, which specifically provides that "[r]everse engineering or independent derivation alone shall not be considered improper means." Cal. Civ. Code § 3426.1. Alternatively, to the extent that plaintiff alleges that defendants acquired this information through some other improper means, the Court is unable to discern what those improper means might be. In sum, the complaint does not supply enough "factual content" to permit this Court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The Court therefore finds that plaintiff's claim for misappropriation of trade secrets should be dismissed.

### C. Claim for Promissory Fraud

Plaintiff asserts that defendants defrauded it by falsely representing that they would pay for the product. Because this claim sounds in fraud, it must comply with the heightened pleading standard set forth Fed. R. Civ. P. 9(b). However, plaintiff's claim for promissory fraud only alleges generally that defendants "made promises to Plaintiff that Defendants would ensure that timely payments were made." Compl. ¶ 59.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV13-5704 CAS (Ex) | Date | December 13, 2013 |
|---|---|---|---|
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | |

According to plaintiff's opposition, these promises were made by defendants Andruk and Zwicker during negotiations that took place in November 2012. See Opp. at 16. Neither the complaint or plaintiff's opposition recite the specific fraudulent statements made by Andruk or Zwicker.[3] Nor does the complaint specify the time, place, or content of these alleged negotiations with any particularity beyond a general allegation of fraud. Put another way, the complaint does not sufficiently "identify the 'who, what, when, where and how of the misconduct charged.'" Cafasso, ex rel. United States, 637 F.3d at 1055. Accordingly, the Court concludes that plaintiff's claim for promissory fraud is not pled with the particularity required by Fed. R. Civ. P. 9(b), and thus should be dismissed.

### D. Claim for Negligent Misrepresentation

To state a claim for negligent misrepresentation, plaintiff must allege (1) that defendants made a representation as to a past or existing material fact, (2), the representation was untrue, (3) defendants made the representation without any reasonable ground for believing it to be true, (4) the representation was made with the intent to induce plaintiff to rely upon it, and (5) plaintiff acted in justified reliance on the false representation, and (6) as a result of this reliance, suffered damages. See 5 Witkin, Summary of Cal. Law Torts, § 818 (10th ed. 2005); Cal. BAJI Civ. 12.45.

Here, plaintiff's complaint alleges that "[d]efendants represented to Plaintiff that Defendants would (a) pay Plaintiff for all of the Products ordered by, designed for, and or manufactured for Defendants, including all of the products delivered to Defendants, and (b) pay the costs Plaintiff's development of the Products, while Plaintiff retains all of the

---

[3] The single specific statement listed by the complaint is an alleged false promise made by defendant Andruk on April 25, 2013 that defendants would begin payment at a rate of $50,000 per week starting on May 5, 2013. However, even if this single statement were pled with the particularity required by Rule 9(b), plaintiff does not explain how it was injured by the false representation that payment would begin in May 2013, as opposed to simply being harmed by defendants' failure to pay more generally. Plaintiff does not, for example, allege that it made further shipments in reliance upon defendants' representations that payment would commence shortly. Accordingly, Andruk's statement, as pled, is insufficient to support a claim for fraud. See 5 Witkin § 808.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV13-5704 CAS (Ex) | Date | December 13, 2013 |
|---|---|---|---|
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | |

proprietary, confidential and trade secret rights to the development of the Products." Compl. ¶ 68. These alleged representations, however, are not representations "as to a past or existing material fact." 5 Witkin § 818. Instead, they are representations as to future conduct—i.e., that defendants will pay plaintiff what it is owed. But representations about future conduct cannot supply the basis for a claim of negligent misrepresentation. See, e.g., Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc., 520 F. Supp. 2d 1184, 1195 (C.D. Cal. 2007). Accordingly, the Court concludes that plaintiff has failed to state a claim for negligent misrepresentation.

### E. Claims for Violation of Cal. Bus. & Prof. Code § 17200

Plaintiff asserts a claim for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Plaintiff predicates this claim on its other claims that defendants are liable for breach of contract, account stated, open book account, goods provided, misappropriation of trade secrets, promissory fraud, and negligent misrepresentation. As discussed above, plaintiff has failed to state a claim for misappropriation of trade secrets, promissory fraud, or negligent misrepresentation. Accordingly, these claims cannot serve as predicates for plaintiff's UCL claim. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1143 (2003) (explaining that the UCL "'borrows' violations from other laws by making them independently actionable as unfair competitive practices").

Neither can plaintiff's claim for breach of contract or plaintiff's common count claims serve as predicates for plaintiff's UCL claim. A breach of contract may form the basis for a UCL claim only if "it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.'" Puentes v. Wells Fargo Home Mtg., Inc., 160 Cal. App.4th 638, 645 (2008) (emphasis in original). Plaintiff's complaint does not explain how defendant's alleged breach of contract was "unlawful, or unfair, or fraudulent." See compl. ¶¶ 75-78. Accordingly, the Court finds that the UCL claim does not meet the basic pleading requirements of Twombly and Iqbal, let alone the heightened pleading standard set forth by Fed. R. Civ. P. 9(b). See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (explaining that a UCL claim must be pled with particularity as required by Rule 9(b) when the claim sounds in fraud).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

O

| Case No. | CV13-5704 CAS (Ex) | Date | December 13, 2013 |
|---|---|---|---|
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | |

### F. Claims for Aiding and Abetting

Plaintiff also asserts claims for aiding and abetting misappropriation, aiding and abetting promissory fraud, and aiding and abetting negligent misrepresentation. For each of these claims, plaintiff asserts that "to the extent an [individual defendant] is deemed not to have committed [misappropriation, promissory fraud, or negligent misrepresentation], that [d]efendent may in the alternative be held liable for aiding and abetting other [d]efendants' commission" of the three underlying torts. See compl. ¶ 81, 87, 93. As discussed above, however, plaintiff has not stated a claim for misappropriation of trade secrets, promissory fraud, or negligent misrepresentation against any defendant. Accordingly, the Court finds that plaintiff has also not stated a claim for aiding and abetting any of these three torts.

### G. Motion to Strike

Defendants also move pursuant to Fed. R. Civ. P. 12(f) to strike references in the complaint to punitive damages and attorneys' fees. Defendants argue that the complaint does not explain why plaintiff would be entitled to receive either punitive damages or fees even if plaintiff prevailed on the merits of its case.

With respect to punitive damages, the Court has already dismissed plaintiff's claims for misappropriation, promissory fraud, aiding and abetting misappropriation, aiding and abetting promissory fraud, and aiding and abetting negligent misrepresentation. These are the only claims which request punitive damages. See compl. ¶¶ 57, 66, 84, 90, 96. Accordingly, defendants' motion to strike references to punitive damages is denied as moot.

With respect to attorneys' fees, the Court agrees that references to attorneys' fees should be stricken from the complaint. "Courts do not generally award fees to prevailing defendants in the absence of a statutory or contractual fee-shifting provision." California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1045 (C.D. Cal. 2002). Nowhere does the complaint identify a "statutory or contractual fee-shifting provision" that would entitle plaintiff to attorneys' fees in this case. Plaintiff's claim for breach of contract, for instance, does not allege that the contract at issue specified that the prevailing party in a dispute may recover attorneys' fees. Nor does plaintiff's opposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-5704 CAS (Ex) | Date | December 13, 2013 |
|---|---|---|---|
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | |

explain why plaintiff could be entitled to recover attorneys' fees. See Opp. at 23-24. Accordingly, the Court concludes that the prayer for attorneys' fees should be stricken pursuant to Fed. R. Civ. P. 12(f). See K.H. ex rel. Helmantoler v. Mt. Diablo Unified Sch. Dist., 2005 WL 1656895 (N.D. Cal. July 14, 2005) ("[A] motion to strike may be granted when . . . the prayer for fees is 'baseless.'").

### H. Motion for a More Definite Statement

In the alternative, defendants request a more definite statement of any claims that this Court does not dismiss. Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "Motions for a more definite statement are viewed with disfavor, and are rarely granted." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal.1999). "Such a motion is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." True v. American Honda Moro Co., Inc., 520 F. Supp. 2d 1175, 1180 (C.D. Cal. 2007).

Here, the Court finds that the complaint sets forth the claim for breach of contract, as well as the common count claims, with sufficient detail to permit defendants to "reasonably prepare a response." Fed. R. Civ. P. 12(e). In particular, to the extent defendants seek more detail about the nature and contents of the alleged contract, that information is best sought through discovery, rather than through a motion for a more definite statement. "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).

### V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss plaintiff's fifth through eleventh claims, and DENIES defendants' motion to dismiss plaintiff's first through fourth claims. Defendants' motion to strike references to attorneys' fees is hereby GRANTED; defendants' motion to strike references to punitive

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

O

| | | | |
|---|---|---|---|
| Case No. | CV13-5704 CAS (Ex) | Date | December 13, 2013 |
| Title | BIORIGINAL FOOD AND SCIENCE CORPORATION v. BIOTAB NUTRACEUTICALS INC. ET AL. | | |

damages is DENIED as moot. Defendants' motion for a more definite statement is hereby DENIED. Plaintiff shall have until **January 13, 2013** to file an amended complaint that corrects the deficiencies identified herein.

   IT IS SO ORDERED.

                                          00 : 00

                        Initials of the Preparer    CMJ