1  Jeffrey L. Fillerup (SBN 120543)
   jfillerup@mckennalong.com
2  Jennifer C. Hayes (SBN 197252)
   jhayes@mckennalong.com
3  McKENNA LONG & ALDRIDGE LLP
4  Spear Tower, One Market Plaza, 24th Floor
   San Francisco, California 94105
5  Telephone:  415.267.4000
   Facsimile:   415.267.4198
6

7  Attorneys for Plaintiff and
   Counterdefendant Bioriginal Food &
8  Science Corp.

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12 BIORIGINAL FOOD & SCIENCE          Case No.  13-CV-05704-CAS (Ex)
   CORPORATION, a Canadian
13 corporation,                       **ORDER APPROVING STIPULATION
                                      FOR PROTECTIVE ORDER**
14              Plaintiff,

15      v.

16 BIOTAB NUTRACEUTICALS, INC.,
17 a California corporation, and GLOBAL
   PRODUCT MANAGEMENT, INC., a
18 California corporation,

19              Defendants.
20 BIOTAB NUTRACEUTICALS, INC.,
   a California corporation, and GLOBAL
21 PRODUCT MANAGEMENT, INC. a
   California corporation,
22
               Counterclaimants,
23
24      v.

25 BIORIGINAL FOOD & SCIENCE
   CORPORATION, a Canadian
26 corporation,

27             Counterdefendant.
28

1       Upon due consideration and based upon the Stipulation For Protective Order

2   entered into by and between Plaintiff and Counterdefendant Bioriginal Food &

3   Science Corporation ("Plaintiff") and Defendants and Counterclaimants Biotab

4   Nutraceuticals, Inc. and Global Product Management, Inc. (together, the

5   "Defendants") and filed on November 3, 2014, the Court hereby orders as follows:

6       Pursuant to Federal Rule of Civil Procedure 26(c), the Stipulation For

7   Protective Order, attached as **Exhibit A**, is approved in its entirety and is

8   incorporated herein by reference.

9

10   Dated: _11/4/14_

11   ~~CHRISTINA A. SNYDER~~ *Charles F. Eick*

12   ~~U.S. District Judge~~
     *U.S. Magistrate Judge*

13   USW 804759983.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Jeffrey L. Fillerup (SBN 120543)
jfillerup@mckennalong.com
Jennifer C. Hayes (SBN 197252)
jhayes@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
Spear Tower, One Market Plaza, 24th Floor
San Francisco, California 94105
Telephone:  415.267.4000
Facsimile:   415.267.4198

Attorneys for Plaintiff and
Counterdefendant Bioriginal Food &
Science Corp.

Michael A. Trauben (SBN 277557)
mtrauben@singhtraubenlaw.com
SINGH, SINGH & TRAUBEN, LLP
400 South Beverly Dr., Suite 400
Beverly Hills, CA 90212
Telephone:  310.856.9705
Facsimile:   888.734.3555

Attorneys for Defendants and
Counterclaimants Biotab Nutraceuticals,
Inc. and Global Product Management, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIORIGINAL FOOD & SCIENCE CORPORATION, a Canadian corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BIOTAB NUTRACEUTICALS, INC., a California corporation, and GLOBAL PRODUCT MANAGEMENT, INC., a California corporation,<br><br>    Defendants.<br><br>AND RELATED CROSS-CLAIM | Case No.  13-CV-05704-CAS (Ex)<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

McKENNA LONG &
ALDRIDGE LLP
SAN FRANCISCO

Plaintiff and Counterdefendant Bioriginal Food & Science Corporation ("Plaintiff") and Defendants and Counterclaimants Biotab Nutraceuticals, Inc. and Global Product Management, Inc. (together, the "Defendants"), by their undersigned counsel, hereby stipulate to entry of a protective order as follows:

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2    "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "HIGHLY CONFIDENTIAL" includes documents marked as "CONFIDENTIAL". "HIGHLY CONFIDENTIAL" and "CONFIDENTIAL" mean the same thing for purposes of this Stipulated Protective Order.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of

1   confidentiality to the Designating Party.  Any use of Protected Material at trial shall

2   be governed by a separate agreement or order.

3   **4.     DURATION**

4       Even after "Final Disposition" of this litigation, the confidentiality obligations

5   imposed by this Stipulated Protective Order shall remain in effect until a

6   Designating Party agrees otherwise in writing or a court order otherwise directs.

7   "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and

8   defenses in this action, with or without prejudice; and (2) final judgment herein after

9   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews

10  of this action, including the time limits for filing any motions or applications for

11  extension of time pursuant to applicable law.

12  **5.     DESIGNATING PROTECTED MATERIAL**

13      5.1     Exercise of Restraint and Care in Designating Material for Protection.

14  Each Party or Non-Party that designates information or items for protection under

15  this Stipulated Protective Order must take care to limit any such designation to

16  specific material that qualifies under the appropriate standards.  To the extent it is

17  practical to do so, the Designating Party must designate for protection only those

18  parts of material, documents, items, or oral or written communications that qualify –

19  so that other portions of the material, documents, items, or communications for

20  which protection is not warranted are not swept unjustifiably within the ambit of this

21  Stipulated Protective Order.

22      Mass, indiscriminate, or routinized designations are prohibited.  Designations

23  that are shown to be clearly unjustified or that have been made for an improper

24  purpose (*e.g.*, to unnecessarily encumber or retard the case development process or

25  to impose unnecessary expenses and burdens on other parties) are not permitted.  If

26  this occurs, the parties will meet and confer regarding a retraction of such improper

27  or unjustified designations.  The parties reserve their rights to seek sanctions for

28  designations believed to have been unjustified or made for an improper purpose.

1    If it comes to a Designating Party's attention that information or items that it

2    designated for protection do not qualify for protection at all or do not qualify for the

3    level of protection initially asserted, that Designating Party must promptly notify all

4    other parties that it is withdrawing the mistaken designation.

5    5.2    Manner and Timing of Designations. Except as otherwise provided in

6    this Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a)

7    below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that

8    qualifies for protection under this Order must be clearly so designated before the

9    material is disclosed or produced.  Designation in conformity with this Stipulated

10   Protective Order requires:

11   (a) for information in documentary form (*e.g.*, paper or electronic documents,

12   but excluding transcripts of depositions or other pretrial or trial proceedings), that

13   the Producing Party affix the legend "HIGHLY CONFIDENTIAL" or "HIGHLY

14   CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains

15   protected material.  If only a portion or portions of the material on a page qualifies

16   for protection, the Producing Party also must clearly identify the protected portion(s)

17   (*e.g.*, by making appropriate markings in the margins) and must specify, for each

18   portion, the level of protection being asserted.

19   A Party or Non-Party that makes original documents or materials available for

20   inspection need not designate them for protection until after the inspecting Party has

21   indicated which material it would like copied and produced.  During the inspection

22   and before the designation, all of the material made available for inspection shall be

23   deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the

24   inspecting Party has identified the documents it wants copied and produced, the

25   Producing Party must determine which documents, or portions thereof, qualify for

26   protection under this Stipulated Protective Order.  Then, before producing the

27   specified documents, the Producing Party must affix the appropriate legend

28   ("HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

MCKENNA LONG &
ALDRIDGE LLP
SAN FRANCISCO

Case No. 13-CV-05704-CAS (Ex)
Stipulation For Protective Order

EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the

title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

1  designation by electing not to mount a challenge promptly after the original

2  designation is disclosed.

3      6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

4  resolution process by providing written notice of each designation it is challenging

5  and describing the basis for each challenge.  To avoid ambiguity as to whether a

6  challenge has been made, the written notice must recite that the challenge to

7  confidentiality is being made in accordance with this specific paragraph of this

8  Stipulated Protective Order.  The parties shall attempt to resolve each challenge in

9  good faith and must begin the process by conferring directly (in voice to voice

10  dialogue; other forms of communication are not sufficient) within 14 days of the

11  date of service of notice.  In conferring, the Challenging Party must explain the basis

12  for its belief that the confidentiality designation was not proper and must give the

13  Designating Party an opportunity to review the designated material, to reconsider

14  the circumstances, and, if no change in designation is offered, to explain the basis

15  for the chosen designation.  A Challenging Party may proceed to the next stage of

16  the challenge process only if it has engaged in this meet and confer process first or

17  establishes that the Designating Party is unwilling to participate in the meet and

18  confer process in a timely manner.

19      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without

20  court intervention, the Designating Party shall file and serve a motion to retain

21  confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule

22  79-5) within 21 days of the initial notice of challenge or within 14 days of the

23  parties agreeing that the meet and confer process will not resolve their dispute,

24  whichever is earlier.  Each such motion must be accompanied by a competent

25  declaration affirming that the movant has complied with the meet-and-confer

26  requirements imposed in the preceding paragraph.  Failure by the Designating Party

27  to make such a motion including the required declaration within 21 days (or 14

28  days, if applicable) shall automatically waive the confidentiality designation for

each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.  The parties reserve their rights to seek sanctions for frivolous challenges or those made for an improper purpose (*e.g.*, to harass or impose unnecessary expense and burdens on other parties).

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2   Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

1   "HIGHLY CONFIDENTIAL" only to:

2        (a) the Receiving Party's Outside Counsel of Record in this action, as well as

3   employees of said Outside Counsel of Record to whom it is reasonably necessary to

4   disclose the information for this litigation and who have signed the

5   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

6   A;

7        (b) the officers, directors, and employees (including House Counsel) of the

8   Receiving Party to whom disclosure is reasonably necessary for this litigation and

9   who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10        (c) Experts (as defined in this Stipulated Protective Order) of the Receiving

11   Party to whom disclosure is reasonably necessary for this litigation and who have

12   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13        (d) the Court and its personnel;

14        (e) Court reporters and their staff, professional jury or trial consultants, and

15   Professional Vendors to whom disclosure is reasonably necessary for this litigation

16   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

17   A);

18        (f) during their depositions, witnesses in the action to whom disclosure is

19   reasonably necessary and who have signed the "Acknowledgment and Agreement to

20   Be Bound" (Exhibit A), <u>unless otherwise agreed by the Designating Party or ordered</u>

21   <u>by the Court</u>. Pages of transcribed deposition testimony or exhibits to depositions

22   that reveal Protected Material must be separately bound by the court reporter and

23   may not be disclosed to anyone except as permitted under this Stipulated Protective

24   Order; and

25        (g) the author or recipient of a document containing the information or a

26   custodian or other person who otherwise possessed or knew the information.

27        7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

28   <u>ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted

1   in writing by the Designating Party, a Receiving Party may disclose any information
2   or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
3   only to:

4       (a) the Receiving Party's Outside Counsel of Record in this action, as well as
5   employees of said Outside Counsel of Record to whom it is reasonably necessary to
6   disclose the information for this litigation and who have signed the
7   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
8   A;

9       (b) Experts of the Receiving Party (1) to whom disclosure is reasonably
10  necessary for this litigation, (2) who have signed the "Acknowledgment and
11  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in
12  paragraph 7.4(a)(2), below, have been followed];

13      (c) the Court and its personnel;

14      (d) Court reporters and their staff, professional jury or trial consultants, and
15  Professional Vendors to whom disclosure is reasonably necessary for this litigation
16  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
17  A); and

18      (e) the author or recipient of a document containing the information or a
19  custodian or other person who otherwise possessed or knew the information.

20      7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY
21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to
22  Designated House Counsel or Experts.

23      (a)(1) Unless otherwise ordered by the Court or agreed to in writing by the
24  Designating Party, a Party that seeks to disclose to Designated House Counsel any
25  information or item that has been designated "HIGHLY CONFIDENTIAL –
26  ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3 first must make a written
27  request to the Designating Party that (A) sets forth the full name of the Designated
28  House Counsel and the city and state of his or her residence, and (B) describes the

1   Designated House Counsel's current and reasonably foreseeable future primary job

2   duties and responsibilities in sufficient detail to determine if House Counsel is

3   involved, or may become involved, in any competitive decision-making.

4       (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

5   Designating Party, a Party that seeks to disclose to an Expert (as defined in this

6   Order) any information or item that has been designated "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3 first

8   must make a written request to the Designating Party that (A) identifies the general

9   categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

10  information that the Receiving Party seeks permission to disclose to the Expert, (B)

11  sets forth the full name of the Expert and the city and state of his or her primary

12  residence, (C) attaches a copy of the Expert's current resume, (D) identifies the

13  Expert's current employer(s), (E) identifies each person or entity from whom the

14  Expert has received compensation or funding for work in his or her areas of

15  expertise or to whom the expert has provided professional services, including in

16  connection with a litigation, at any time during the preceding five years, and (F)

17  identifies (by name and number of the case, filing date, and location of court) any

18  litigation in connection with which the Expert has offered expert testimony,

19  including through a declaration, report, or testimony at a deposition or trial, during

20  the preceding five years.

21      (b) A Party that makes a request and provides the information specified in the

22  preceding respective paragraphs may disclose the subject Protected Material to the

23  identified Designated House Counsel or Expert unless, within 14 days of delivering

24  the request, the Party receives a written objection from the Designating Party. Any

25  such objection must set forth in detail the grounds on which it is based.

26      (c) A Party that receives a timely written objection must meet and confer with

27  the Designating Party (through direct voice-to-voice dialogue) to try to resolve the

28  matter by agreement within seven days of the written objection. If no agreement is

1  reached, the Party seeking to make the disclosure to Designated House Counsel or

2  the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance

3  with Civil Local Rule 79-5) seeking permission from the court to do so. Any such

4  motion must describe the circumstances with specificity, set forth in detail the

5  reasons why the disclosure to Designated House Counsel or the Expert is reasonably

6  necessary, assess the risk of harm that the disclosure would entail, and suggest any

7  additional means that could be used to reduce that risk. In addition, any such motion

8  must be accompanied by a competent declaration describing the parties' efforts to

9  resolve the matter by agreement (*i.e.*, the extent and the content of the meet and

10  confer discussions) and setting forth the reasons advanced by the Designating Party

11  for its refusal to approve the disclosure.

12      In any such proceeding, the Party opposing disclosure to Designated House

13  Counsel or the Expert shall bear the burden of proving that the risk of harm that the

14  disclosure would entail (under the safeguards proposed) outweighs the Receiving

15  Party's need to disclose the Protected Material to its Designated House Counsel or

16  Expert.

17  **8.**   **PROTECTED MATERIAL SUBPOENAED OR ORDERED**

18        **PRODUCED IN OTHER LITIGATION**

19      If a Party is served with a subpoena or a court order issued in other litigation

20  that compels disclosure of any information or items designated in this action as

21  "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

22  EYES ONLY" that Party must:

23      (a) promptly notify in writing the Designating Party. Such notification shall

24  include a copy of the subpoena or court order;

25      (b) promptly notify in writing the party who caused the subpoena or order to

26  issue in the other litigation that some or all of the material covered by the subpoena

27  or order is subject to this Protective Order. Such notification shall include a copy of

28  this Stipulated Protective Order; and

1  (c) cooperate with respect to all reasonable procedures sought to be pursued

2  by the Designating Party whose Protected Material may be affected.

3       If the Designating Party timely seeks a protective order, the Party served with

4  the subpoena or court order shall not produce any information designated in this

5  action as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6  ATTORNEYS' EYES ONLY" before a determination by the court from which the

7  subpoena or order issued, unless the Party has obtained the Designating Party's

8  permission.  The Designating Party shall bear the burden and expense of seeking

9  protection in that court of its confidential material – and nothing in these provisions

10  should be construed as authorizing or encouraging a Receiving Party in this action

11  to disobey a lawful directive from another Court.

## 9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

14       (a)  The terms of this Stipulated Protective Order are applicable to

15  information produced by a Non-Party in this action and designated as "HIGHLY

16  CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17  ONLY." Such information produced by Non-Parties in connection with this

18  litigation is protected by the remedies and relief provided by this Stipulated

19  Protective Order.  Nothing in these provisions should be construed as prohibiting a

20  Non-Party from seeking additional protections.

21       (b)  In the event that a Party is required, by a valid discovery request, to

22  produce a Non-Party's confidential information in its possession, and the Party is

23  subject to an agreement with the Non-Party not to produce the Non-Party's

24  confidential information, then the Party shall:

25       (i) promptly notify in writing the Requesting Party and the Non-Party

26  that some or all of the information requested is subject to a confidentiality

27  agreement with a Non-Party;

28

(ii) promptly provide the Non-Party with a copy of this Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection,

1  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

2  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

3  procedure may be established in an e-discovery order that provides for production

4  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

5  (e), insofar as the parties reach an agreement on the effect of disclosure of a

6  communication or information covered by the attorney-client privilege or work

7  product protection, the parties may incorporate their agreement in the stipulated

8  protective order submitted to the Court.

9  **12.    MISCELLANEOUS**

10      12.1   <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order

11  abridges the right of any person to seek its modification by the court in the future.

12      12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

13  Stipulated Protective Order, no Party waives any right it otherwise would have to

14  object to disclosing or producing any information or item on any ground not

15  addressed in this Stipulated Protective Order.  Similarly, no Party waives any right

16  to object on any ground to use in evidence of any of the material covered by this

17  Stipulated Protective Order.

18      12.3   <u>Filing Protected Material</u>. Without written permission from the

19  Designating Party or a Court order secured after appropriate notice to all interested

20  persons, a Party may not file in the public record in this action any Protected

21  Material.  A Party that seeks to file under seal any Protected Material must comply

22  with Civil Local Rule 79-5.  Protected Material may only be filed under seal

23  pursuant to a Court order authorizing the sealing of the specific Protected Material

24  at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

25  request establishing that the Protected Material at issue is privileged, protectable as

26  a trade secret, or otherwise entitled to protection under the law. If a Receiving

27  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-

28  5 is denied by the Court, then the Receiving Party may file the Protected Material in

the public record unless otherwise instructed by the Court.

### 13.   **FINAL DISPOSITION**

Within 60 days after the Final Disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 3, 2014          McKENNA LONG & ALDRIDGE LLP


By: /s/Jennifer C. Hayes
    Jeffrey L. Fillerup
    Jennifer C. Hayes
    Attorneys for Plaintiff and
    Counterdefendant Bioriginal Food &
    Science Corporation

DATED: November 3, 2014          SINGH, SINGH & TRAUBEN, LLP


By: /s/Michael A. Trauben
    Michael A. Trauben
    Attorneys for Defendants and
    Counterclaimants Biotab Nutraceuticals,
    Inc. and Global Product Management, Inc.

USW 804710159.3

McKENNA LONG &
ALDRIDGE LLP
SAN FRANCISCO

Case No. 13-CV-05704-CAS (Ex)
Stipulation For Protective Order

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on [_____] in the case of *Bioriginal Food &*

*Science Corporation v. Biotab Nutraceuticals, Inc. and Global Product Management,*

*Inc.*, Case No. 2:13-CV-05704-CAS (Ex). I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

　　　　　[printed name]

Signature: _____

　　　　　[signature]