UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | May 6, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS): DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED AFFIRMATIVE DEFENSES

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of May 11, 2015, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

On August 7, 2013, plaintiff Bioriginal Food and Science Corporation ("Bioriginal") filed this action against defendants Biotab Nutraceuticals, Inc., Global Product Management, Inc., Gregory Andruk, and Adam Zwicker.[1] In brief, plaintiff alleges that defendants ordered specially designed nutritional supplements from plaintiff, then wrongfully refused to pay for those supplements. The operative Second Amended Complaint ("SAC"), filed on March 26, 2014, asserts claims for (1) breach of contract, (2) account stated, (3) open book account, (4) goods provided, and (5) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*

On April 11, 2014, defendants filed their Answer and Affirmative Defenses, asserting thirty-one affirmative defenses. Dkt. No. 29. On the same date, defendants also filed counterclaims for breach of contract, negligent misrepresentation, and violations of the UCL. On June 23, 2014, the Court held a scheduling conference and set October 31, 2014 as the last day to request leave to file amended pleadings or add parties. See Dkt. No. 38. Although the Court later approved multiple stipulations modifying the discovery

---

[1] On November 5, 2013, the parties stipulated to dismiss Zwicker. Dkt. No. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | May 6, 2015 |
|---|---|---|---|

| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. |
|---|---|

dates set by the scheduling order, see Dkt. Nos. 46, 52, 64, none of these orders modified the deadline for filing amended pleadings. Currently, the last day to file motions is June 1, 2015, and a trial is scheduled for August 4, 2015. Dkt. No. 64. On April 7, 2015, the Court denied defendants' *ex parte* application requesting a modification of the scheduling order and a continuance of the trial date, without prejudice to the filing of a regularly noticed motion to continue the discovery cutoff only. Dkt. No. 61.

On April 13, 2015, defendants filed a motion for leave to file a first amended set of affirmative defenses. Dkt. No. 62. Plaintiff opposed the motion on April 20, 2015, and defendants filed a reply on April 27, 2015. Dkt. Nos. 65, 66. After considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

Defendants' Proposed First Amended Affirmative Defenses, attached as an exhibit to their motion, principally add allegations that the contracts at issue are illegal and unenforceable because the subject products infringed the patents of a third party, Neptune Technologies and Bioresources, Inc. ("Neptune"), and induced defendants to infringe the same. Defendants represent that had they been aware of this infringement, they would not have entered into the alleged transactions that form the basis of plaintiff's suit. The proposed amendments add factual details based on these allegations to many of the affirmative defenses already pleaded, and add new affirmative defenses based on this theory. The proposed amendments also supplement already pleaded affirmative defenses with allegations that (1) plaintiff used a consultant associated with defendants in order to convince defendants to make purchases that enhanced plaintiff's earnings in advance of a private equity sale, (2) the goods at issue were not specially manufactured for defendants within the meaning of California law, and (3) plaintiff has mitigated its damages by selling the blended krill oil contained in the subject goods to third parties. See generally Mot. Ex. A.[2]

---

[2]The proposed amendments also add a statute of limitations defense, not mentioned in defendants' motion. Plaintiff argues that this omission is indicative of bad faith, but defendants assert in their reply that the inclusion of a statue of limitations defense was a "clerical error" and agree that a statute of limitations defense is inapplicable in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | May 6, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

Generally, a district court analyzes a motion for leave to amend a pleading under the permissive standard of Federal Rule of Civil Procedure 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the court enters a scheduling order establishing a timeline for amending pleadings and the deadline for requesting leave passes, Rule 16(b) applies, and the movant must show "good cause" for not having sought leave to amend before the deadline. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). As stated above, the Court entered a scheduling order in July 2014 setting October 31, 2014 as the deadline for requesting leave to file amended pleadings. This deadline passed months before the instant motion was filed. Therefore, defendants must demonstrate "good cause" for amendment under Rule 16; if good cause is shown, defendants must then demonstrate that amendment is proper under Rule 15(a).

## A.   Federal Rule of Civil Procedure 16

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Mammoth Recreations, 975 F.2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus is on the moving party's explanation for failure to timely move for leave to amend; if that party has not been diligent, "the inquiry should end." Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. However, the "pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Mammoth Recreations, 975 F.2d at 609).

With respect to the new allegations and affirmative defenses pertaining to alleged patent infringement, plaintiff argues that defendants failed to show diligence in seeking

---

As indicated in this order's conclusion, although the Court is granting defendants' motion, the amended affirmative defenses are not to include a statute of limitations defense.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | May 6, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

leave to amend because documents produced to defendants on November 11, 2014 put them on notice of any infringement-based illegality defense. Specifically, plaintiff points to contracts between plaintiff and Boston Nutraceuticals, LLC (not a party to this action), which included an indemnification provision referencing the Neptune patents. See Dkt. No. 65-1 (Hayes Decl.) Ex. C at P000028. This indemnification provision provided that if Neptune brought an infringement action against Boston Nutraceuticals, LLC, another company called "Capsugel," or either's customers, Bioriginal would indemnify that party against for any costs or liability sustained due to that infringement action. Id. Plaintiff also argues that some of the allegations added to existing affirmative defenses are based on facts previously disclosed in discovery, and that defendants have generally failed to conduct discovery in an expeditious manner.

  Defendants respond that the documents plaintiff claims should have put defendants on notice were by plaintiff's admission not produced until November 11, 2014—after the October 31, 2014 deadline for requesting leave to file amended pleadings. Next, defendants point out that the indemnification provision was produced as part of a large set of documents, many of which defendants assert were not responsive to their discovery requests, and that defendants did not receive an unredacted copy of the agreement until April 1, 2015. Moreover, defendants argue, the grounds for amendment were not facially apparent from the indemnification provision, which was entered into by plaintiff and third parties and does not mention defendants. Rather, defendants assert that they only ascertained enough details to support the proposed amendments by independently discovering information including that Neptune had filed an infringement action against plaintiff before the U.S. International Trade Commission. Defendants assert that after discovering this information in February 2015, they served related discovery requests upon plaintiff and third parties, for which they have yet to receive responsive documents. For these reasons, defendants deny that they were put on notice of the grounds for the proposed amendments in November 2014, and argue that they have been diligent within the meaning of Rule 16(b)(4).

  Defendants have the better of the argument. Plaintiff does not contend that defendants had notice of the alleged infringement before the scheduled deadline for requesting leave to amend, and points to no document that would have put a reasonably diligent litigant on notice of a possible infringement-related defense without further investigation. Because defendants have shown reasonable diligence in seeking to amend

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-CV-05704-CAS(Ex) | Date | May 6, 2015 |
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

its pleading once they had knowledge of the bases for the proposed amendments, and because plaintiff identifies no prejudice that would result from modifying the scheduling order, the Court finds Rule 16(b)(4)'s good cause standard satisfied.

### B.     Federal Rule of Civil Procedure 15

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). However, a district court should freely grant leave when justice so requires, see id., and the Ninth Circuit has made clear that this policy "is to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the [pleading]." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). These factors are not all equal: "delay, by itself, is insufficient to justify denial of leave to amend," DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987), and many courts "have stressed prejudice to the opposing party as the key factor," Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).

Under this permissive standard, the Court finds that defendants should be granted leave to amend. For the reasons stated above, defendants have not exhibited bad faith or unduly delayed in seeking leave to amend. Additionally, plaintiffs have not previously amended their answer and affirmative defenses. Most importantly, plaintiff's opposition papers do not even attempt to set forth any prejudice that would result from allowing the requested amendments, and the Court does not perceive any, as the trial date is still almost three months away and plaintiff has long been in possession of the information on which defendants' proposed amendments are based.

Plaintiff's arguments that leave to amend should nevertheless be denied are unpersuasive. For example, plaintiff argues that defendants should not be permitted to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | May 6, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

add new factual allegations to already pleaded affirmative defenses because some are not true affirmative defenses, and several "are based on facts that have already been disclosed in the course of discovery," so that defendants should supplement their discovery disclosures and responses instead of amending their answer. Plaintiff also argues that some of defendants' proposed amendments "seek to add detailed facts that are inappropriate for an answer." See Opp'n at 6–13. To the extent plaintiff requests that the Court not only disallow the proposed amendments, but strike affirmative defenses pleaded in defendants' original answer, that request should be raised (if at all) in a Rule 12(f) motion rather than in an opposition to a different motion.[3] To the extent plaintiff argues—without citing any on-point authority—that adding factual allegations to existing defenses should not be permitted because it is unnecessary, this is an unpersuasive ground for departing from the liberality of Rule 15(a) in the absence of any identified resulting prejudice.

     Plaintiff also makes several arguments to the effect that leave to add the new affirmative defenses should be denied as futile. As to the defense of "illegality," for example, plaintiff contends that this defense is duplicative of the existing affirmative defense of "void." Opp'n at 13-14 (citing Vogel v. OM ABS, Inc., No. CV 13-01797 RSWL (JEMx), 2014 WL 340662, at *5 (C.D. Cal. Jan. 30, 2014) (striking affirmative defenses as duplicative of negative defenses asserted in earlier parts of answer)). However, plaintiff identifies no resulting prejudice, and in the proposed amended pleading the two defenses include distinct factual allegations.

     Next, plaintiff argues that the defenses of illegality and void contract are inconsistent with defendants' counterclaim for breach of contract. Id. at 14. But the Federal Rules of Civil Procedure expressly provide that a party "may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3); see also Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir. 1985) ("[C]ourts have been reluctant to permit one pleading to be read as a judicial or evidentiary

---

     [3]Even if plaintiff's request to strike existing affirmative defenses were properly raised, Rule 12(f) motions are "disfavored" because of the "limited importance of pleadings in federal practice." Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | May 6, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

admission against an alternative or inconsistent pleading."). Therefore, this argument provides no reason to disallow the proposed amendments.

Additionally, plaintiff argues that defendants lack standing to assert a patent infringement defense, because they have not asserted an ownership interest in the Neptune patents. See Haynes Decl. Ex. E. However, defendants' proposed amendments do not assert a claim for patent infringement; rather, they allege that plaintiff's offer of infringing goods violated the implied warranty under California law that "goods shall be delivered free of the rightful claim of any third person by way of infringement or the like." Cal. Com. Code § 2312(3). Relatedly, plaintiff argues that the infringement allegations should be disallowed because (1) Neptune has already settled its patent claims against plaintiff, and (2) defendants have suffered no damages as a result of the alleged infringement. However, the first of these arguments does not necessarily undermine defendants' contention that the contract they are alleged to have breached was illegal because its subject matter was an infringing product, and the second argument, if relevant, is a factual question not properly resolved on this motion.

Finally, plaintiff submits that some of defendants' new affirmative defenses, including "Fraudulent Inducement and/or Omission" and "Breach of Contract and Misrepresentation Based Upon Illegality," sound in fraud and fail the heightened pleading standard of Federal Rule of Civil Procedure 9(b). See Gold-Club-SF, LLC v. Platinum SJ Enter., No. 13-cv-03797-WHO, 2013 WL 6248575, at *3 (N.D. Cal. Dec. 3, 2013) (noting that affirmative defenses consisting of averments of fraud must be stated with particularity). The Court is not persuaded by this argument either. The substance of defendants' affirmative defenses that could be said to sound in fraud is that plaintiff failed to mention the material fact that plaintiff's products infringed a third party's patents, and concealed a business relationship with a consultant associated with defendants. Courts within this circuit have recognized that "where the claim is one of fraud by omission . . . the pleading standard is lowered on account of the reduced ability . . . 'to specify the time, place, and specific content' relative to a claim involving affirmative misrepresentations." In re Apple & AT & TM Antitrust Litig., 596 F. Supp. 2d 1288, 1310 (N.D. Cal. 2008) (quoting Falk v. Gen. Motors Corp., 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007)); see also Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993) (noting that Rule 9(b) "may be relaxed with respect to matters within the opposing party's knowledge").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | May 6, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

The Ninth Circuit has held that a district court should resolve a motion for leave to amend "with all inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999). Because the Court finds no indication of bad faith or undue delay, because this motion is defendants' first request to file an amended pleading, and because plaintiff has not shown that the contemplated amendments would be prejudicial or futile, the motion for leave to amend should be granted.

### III. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the motion for leave to amend. Defendants are to file their proposed amended affirmative defenses forthwith, with the exception that they are not to include a statute of limitations defense in that amended pleading.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |