UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | June 15, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Jennifer Hayes | Michael Trauben<br>Surjit Soni | |

**Proceedings:** DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS (Dkt. No. 83); MOTION FOR EXPEDITED DISCOVERY (Dkt. No. 84); MOTION TO MODIFY THE SCHEDULING ORDER (Dkt. No. 85) (filed May 18, 2015)

## I. INTRODUCTION AND BACKGROUND

On August 7, 2013, plaintiff Bioriginal Food and Science Corporation ("Bioriginal") filed this action against defendants Biotab Nutraceuticals, Inc., Global Product Management, Inc., Gregory Andruk, and Adam Zwicker.[1] In brief, plaintiff alleges that defendants ordered specially designed nutritional supplements from plaintiff, then wrongfully refused to pay for those supplements. The operative Second Amended Complaint ("SAC"), filed on March 26, 2014, asserts claims for (1) breach of contract, (2) account stated, (3) open book account, (4) goods provided, and (5) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* On April 11, 2014, defendants filed their Answer and Affirmative Defenses, asserting thirty-one affirmative defenses. Dkt. No. 29. On the same date, defendants also filed counterclaims for breach of contract, negligent misrepresentation, and violations of the UCL. Dkt. No. 30.[2] Recently, defendants sought leave to file additional affirmative

---

[1] On November 5, 2013, the parties stipulated to dismiss Zwicker. Dkt. No. 11.

[2] Pursuant to a stipulation, defendants subsequently dismissed the affirmative misrepresentation counterclaim without prejudice. Dkt. No. 34.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | June 15, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

defenses based mostly on allegations that the contracts at issue are unenforceable because the subject products infringed the patents of a third party.

On May 18, 2015 defendants filed (1) a motion for leave to file amended counterclaims, Dkt. No. 83; (2) a motion to conduct expedited discovery regarding patent issues, Dkt. No. 84; and (3) a motion to continue the trial and related dates, Dkt. No. 85. Plaintiff does not oppose the motion to conduct expedited discovery, but has filed oppositions to the motions for leave to file amended counterclaims, Dkt. No. 95, and to continue scheduled dates, Dkt. No. 94. On June 1, 2015, defendants filed replies in support of each motion. Dkt. Nos. 107, 109, 110. On June 15, 2015, the Court held a hearing on the motions. After considering the parties' arguments, the Court denies each of the instant motions for the reasons that follow.

## II. LEGAL STANDARD

Because the deadline for amending pleadings set in the Court's scheduling order has long passed, defendants' motions to file amended counterclaims, and to continue the trial and other dates, are both governed by Federal Rule of Civil Procedure 16(b)(4). See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). This Rule provides that a scheduling order shall be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Mammoth Recreations, 975 F.2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus is on the moving party's explanation for failure to timely move for leave to amend; if that party has not been diligent, "the inquiry should end." Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.; see, e.g., Warner/Chappell Music, Inc. v. Rap-A-Lot 2K Records, Inc., No. CV 12-10022 DDP (JCx), 2014 U.S. Dist. LEXIS 142249, at *1 (C.D. Cal. Sept. 29, 2014) (denying application to continue trial where counsel had failed to "manage their schedules in a way that allow[ed] them to complete the discovery work necessary in the time provided"). However, the "pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' "

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-CV-05704-CAS(Ex) | Date | June 15, 2015 |
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Mammoth Recreations, 975 F.2d at 609).

## III. ANALYSIS

The Court's scheduling order—adopted in June 2014—set an October 31, 2014 deadline for seeking leave to file amended pleadings, as well as a factual discovery cutoff of February 27, 2015, and a motions deadline of April 17, 2015.  Dkt. No. 38.  Although the Court later approved multiple stipulations modifying the discovery dates set by the scheduling order, see Dkt. Nos. 46, 52, 64, none of these orders modified the deadline for requesting leave to file amended pleadings.

On April 7, 2015, the Court denied defendants' *ex parte* application requesting a modification of the scheduling order and a continuance of the trial date, without prejudice to the "filing [of] a noticed motion to continue the discovery cutoff only."  Dkt. No. 61 (emphasis added).  On April 13, 2015, defendants filed a motion for leave to file amended affirmative defenses relating to allegations that the contracts at issue are illegal and unenforceable because the subject products infringed the patents of a third party, Neptune Technologies and Bioresources, Inc. ("Neptune"), and induced defendants to infringe the same.  Dkt. No. 62.  That motion did not indicate defendants' intention to add new counterclaims.  Additionally, in briefing that motion, defendants denied that they were "surreptitiously re-seek[ing] a continuance of the Trial Date," and represented that they "simply [sought] leave to amend their Affirmative Defenses."  Dkt. No. 66 at 3.  The Court granted the motion for leave to file affirmative defenses on May 6, 2015.  Dkt. No. 69.  As noted, the instant motions were filed twelve days later.

Having considered the parties' substantial briefing on the motions to modify the scheduling order and file amended counterclaims—as well as prior briefing in support of and opposition to a continuance, which each party incorporates by reference into briefing on the instant motion—the Court concludes that defendants have not shown diligence within the meaning of Rule 16(b)(4).  Discovery in this case opened over a year ago, in May 2014.  See Dkt. No. 59 ¶ 3 & Ex. A-1.  Although the parties vigorously dispute the adequacy of defendants' discovery efforts throughout the first several months of discovery—and although it appears that plaintiff waited until the last moment to disclose some of its own potential trial witnesses—it is clear that defendants could have moved

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-CV-05704-CAS(Ex) | Date | June 15, 2015 |
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

more quickly with regard to some aspects of discovery. It is also clear that defendants were on notice of the grounds underlying the instant motions no later than April 2015, when they filed their first *ex parte* application to continue the trial and their motion for leave to file affirmative defenses that defendants characterize as "mirror[ing]" the counterclaims they now seek to add by way of a motion filed several weeks later. Dkt. No. 114 at 1. The Court is unpersuaded by defendants' apparent explanation that leave to file amended counterclaims was not sought simultaneously with the earlier requests because defendants' counsel was sophisticated enough to file affirmative defenses based on the alleged product quality and patent infringement issues, but not experienced enough in the area of patent law to recognize without the aid of a newly associated patent litigator that counterclaims could be based on the same allegations.

      The Court has an obligation to manage its own calendar, and plaintiff is entitled to a determination of its rights. This case has been pending since August 2013, the scheduling order has been in place for almost a year, and defendants have failed to show good cause for extending this case into 2016 or adding new counterclaims less than two months before the long-scheduled trial. Given defendants' failure to carry this burden, the Court does not find a substantial continuance to be justified, and denies the motions to modify the scheduling order and file amended counterclaims.

      At defendants' request, the Court previously extended the discovery cutoff to July 24, 2015; the motions cutoff and exchange of expert reports to July 6, 2015; the exchange of rebuttal expert reports to July 20, 2015; and the expert discovery cutoff to August 17, 2015. See Dkt. No. 115. At the hearing, the Court further enlarged the discovery cutoff to August 17, 2015. Given these extensions, the August 4, 2015 trial date clearly cannot be kept.[3] To accommodate these limited continuances and the Court's other scheduled matters, the trial in this action is hereby continued to **September 22, 2015** at **9:30 A.M.**, with the final pretrial conference/motions in limine hearing to be held on **August 24, 2015** at **11:00 A.M.**

---

   [3]For this reason, the fact that one of defendants' attorneys has a conflicting trial on August 10 in Puerto Rico provides no support for defendants' motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-CV-05704-CAS(Ex) | Date | June 15, 2015 |
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

Finally, to the extent it is not mooted by the Court's denial of defendants' motion for leave to file amended counterclaims, the Court denies without prejudice defendants' request for an expedited discovery schedule shortening the time for responses to written requests and the time for hearing discovery disputes. Such a request is better directed to Magistrate Judge Eick.

## IV.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motions to modify the scheduling order, file amended counterclaims, and expedite discovery. The denial of the discovery motion is without prejudice to its being renewed before Magistrate Judge Eick. The trial in this matter will be held on **September 22, 2015** at **9:30 A.M.**; the pretrial conference/motions in limine hearing will be held on **August 24, 2015** at **11:00 A.M.**, and discovery will close on August 17, 2015.

IT IS SO ORDERED.

| | 00 | : | 22 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |