UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeffrey Fillerup | Dr. Dal Singh |
| | Surjit Soni |

**Proceedings:**    DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. No. 116, filed June 15, 2015)

DEFENDANTS' MOTION TO SUBSTITUTE OR JOIN PLAINTIFFS (Dkt. No. 147, filed July 6, 2015)

## I. INTRODUCTION AND BACKGROUND

On August 7, 2013, plaintiff Bioriginal Food and Science Corporation ("Bioriginal") filed this action against defendants Biotab Nutraceuticals, Inc.; Global Product Management, Inc.; Gregory Andruk; and Adam Zwicker.[1] In brief, Bioriginal alleges that defendants ordered specially designed nutritional supplements from Bioriginal, then wrongfully refused to pay for those supplements. The operative Second Amended Complaint ("SAC"), filed on March 26, 2014, asserts claims for (1) breach of contract, (2) account stated, (3) open book account, (4) goods provided, and (5) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. Dkt. No. 27. Defendants have filed counterclaims for breach of contract and violations of the UCL. Dkt. No. 30.

On June 15, 2015, defendants filed a motion for partial summary judgment as to all claims asserted by Bioriginal, arguing that (1) Bioriginal lacks standing to pursue any claim as a result of an assignment of an interest in this litigation, and (2) Bioriginal's UCL claim fails on statutory standing grounds and on its merits. Dkt. No. 116. On June

---

[1] On November 5, 2013, the parties stipulated to dismiss Zwicker. Dkt. No. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

22, 2015, Bioriginal filed an opposition, which also includes a request that a number of facts be deemed established in this case pursuant to Federal Rule of Civil Procedure 56(g). Dkt. No. 132. Defendants replied on June 29, 2015. Dkt. No. 137.

On July 6, 2015, defendants filed a motion to substitute or join as plaintiffs parties that defendants assert are the real parties in interest, "to the extent the Court elects to not otherwise dismiss all of Plaintiff's claims for lack of standing." Dkt. No. 147 at 3. Bioriginal filed an opposition on July 13, 2015, and defendants replied on July 20, 2015. Dkt. Nos. 155, 177. On August 3, 2015, the Court held a hearing on both motions. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     FACTUAL BACKGROUND

Bioriginal filed this action on August 7, 2013. Dkt. No. 1. Bioriginal alleges that it specially developed and manufactured certain nutritional supplements for defendants, specifically an eye health supplement referred to as "Eye Softgels" and a fish oil supplement referred to as "Ulta Krill Capsules." SAC ¶¶ 1, 7–8. Bioriginal contends that in November 2012, it and defendants entered into a contract by which Bioriginal would develop these products, and the defendants would purchase from Bioriginal "a minimum quantity of 12 million units of Eye Softgels at the price of $0.125 dollars per unit," as well as "a minimum of 15 million units of Ultra Krill Capsules at the price of $.24 per capsule." Id. ¶ 14. Bioriginal further alleges that it delivered the first shipment of Eye Softgels to defendants on December 12, 2012, and delivered two shipments of Ultra Krill Capsules on January 31, 2013, and March 2, 2013, but that defendants failed to pay for any of these shipments other than "a very late, *de minimis* payment of $10,000 made after many payment demands." Id. ¶¶ 15–22.

On September 5, 2014, Bioriginal entered into a contract (the "Assignment Agreement") with a second corporation named 101264205 Saskatchewan Ltd. ("Saskatchewan"); and its then-owners, Westbridge Capital Ltd. ("Westbridge"), Soren Oberg ("Oberg"), Cameron Kupper ("Kupper"), Starla Theriault ("Theriault"), JD-PRMIM Holdings Ltd. ("JD-PRMIM"), Montevideo Holdings Ltd. ("Montevideo"),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

Vitaefit BV ("Vitaefit"), Joe Vidal ("Vidal"), and Johan Kamphuis ("Kamphuis").[2] Dkt. No. 116-4 at 1–2.[3] Pursuant to this contract, Bioriginal's then-owners (collectively the "Selling Parties") agreed to sell all issued and common shares in Bioriginal to a third-party corporation, which would then combine with Bioriginal to form a successor company also called "Bioriginal Food & Science Corp." Id. at 2–3 (details redacted). The agreement also included a broad assignment of rights regarding the instant lawsuit, from Bioriginal to the Selling Parties, with Westport acting as the Selling Parties' designated agent with regard to several matters affecting the prosecution of this litigation. Id. at 2–5 (details redacted).[4]

---

[2] Bioriginal objects to admission of the Assignment Agreement as evidence because (1) defendants have not properly authenticated or offered a foundation for the document, and (2) defendants have not established an applicable exception to the hearsay rule. The Court finds that any foundation or authentication defects have been cured by Surjit P. Soni's supplemental declaration, which states that the document was produced by Bioriginal in this action and bears Bioriginal's Bates number P005009 through P005021. Dkt. No. 137-1 ¶ 2; see Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n. 12 (9th Cir. 1996) (documents produced in discovery by party-opponent deemed authentic); In re Homestore.com, Inc. Secs. Litig., 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (same). The Court notes that Bioriginal does not actually question the authenticity of the document. As to the hearsay objection, a "written contract that memorializes the fact of a legal agreement . . . . which itself 'affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights,' falls outside of the definition of hearsay." United States v. Belluci, 995 F.2d 157, 161 (9th Cir. 1993) (quoting Fed. R. Evid. 801(c) advisory committee's note). Accordingly, Bioriginal's evidentiary objections are OVERRULED.

[3] Defendants' counsel asserts that this document was not produced in discovery until May 28, 2015. Dkt. No. 147 at 1.

[4] Because the Assignment Agreement was filed under seal, direct quotations to and detailed summaries of that agreement have been omitted from this publicly filed order. The Court issued a separate unredacted order on August 3, 2015. Dkt. No. 286.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

### III. MOTION FOR SUMMARY JUDGMENT

#### A. Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

### B. Real Party in Interest

Defendants argue that Bioriginal "lacks standing because it is not the real party in interest as to any of the asserted claims." Dkt. No. 116 at 4. As an initial matter, this argument conflates standing with the real party in interest requirement embodied in Federal Rule of Civil Procedure 17(a). Although "the distinction between standing to sue and the real party in interest doctrine is, understandably, often blurred by judges and lawyers," the former "turns on whether the plaintiff can show an injury in fact traceable to the conduct of the defendant and likely to be redressed to the relief sought," whereas the latter "entails identifying the person who possesses the particular right sought to be enforced." Tate v. Snap-On Tools Corp., No. 90 C 4436, 1997 WL 106275, at *4 (N.D. Ill. Feb. 11, 1997) (citing Firestone v. Galbreath, 976 F.2d 279, 283 (6th Cir. 1992)). Although defendants quote at length sweeping language concerning Article III standing, their argument is really that, because Bioriginal transferred its interest in this litigation after the lawsuit had already commenced, Bioriginal is not the real party in interest under Rule 17(a)(1) and cannot prosecute the suit.[5]

The problem with this argument is that although "Rule 17(a) would control if an interest was transferred prior to the commencement of the suit . . . . Rule 25(c) applies if the transfer occurs during the pendency of the action." Hilbrands v. Far East Trading Co., 509 F.2d 1321, 1323 (9th Cir. 1975) (reversing district court's grant of summary judgment based on Rule 17(a) and transfer of interest postdating filing of lawsuit); see 7C Charles Alan Wright, et al., Federal Practice & Procedure § 1958 (3d ed. Apr. 2015) ("If an interest has been transferred prior to commencement of the suit, Rule 17, requiring that an action be brought in the name of the real party in interest and defining capacity to sue and be sued, is controlling. After suit is brought, Rule 25(c) becomes the relevant provision." (footnotes omitted)). Put differently, "[p]rovided the transfer [of interest] occurred after the suit began, the suit is not subject to dismissal under Rule 17 on the

---

[5] See Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

ground that it is not being prosecuted in the name of the real party in interest." 6 Jerry E. Smith, Moore's Federal Practice § 25.34[2] (2015).[6]

In one case illustrating this distinction, which defendants ignore, an entity named Hyatt (1) reorganized and became "Northridge Industries, Inc." in November 1965, (2) filed a lawsuit in December 1965, and (3) "assigned all of its right, title and interest in . . . the cause of action out of which [the lawsuit] arose" to a third party in September 1966. Hyatt Chalet Motels, Inc. v. Salem Bldg. & Constr. Trades Council, 298 F. Supp. 699, 703 (D. Or. 1968), cited with approval in Hilbrands, 509 F.2d at 1323. As in this case, the defendant "urge[d] that the assignment . . . completely destroyed the interest of both Hyatt and Northridge," and that the plaintiff was not "a real party in interest as required by Rule 17(a)." Id. at 703–04. The court rejected that argument as "completely overlook[ing] Rule 25(c)," which "gives the court a generous discretion in connection with the continuance of actions where there has been a transfer of interest." Id. at 704 (citing Sun-Maid Raisin Growers of Cal. v. Cal. Packing Corp., 273 F.2d 282 (9th Cir. 1959)). The court found "no good reason for not allowing the suit to proceed in the name of the original party and the [transferee] real party in interest," and noted that any party could move under Rule 25(c) to substitute the transferee in place of Hyatt. Id.

Here, the relevant transfer of interest took place over a year after this action began. Therefore, Rule 17(a) is simply not applicable and the motion for summary judgment

---

[6]Because the two rules apply at different times, defendants' argument that Rule 17(a)(1) "trumps" Rule 25(c), because the former is "mandatory" and the latter is "permissive and discretionary," is a non-sequitur. Although defendants fail to address the authorities cited above, which make clear that Rule 17(a) does not apply to the facts at hand, they stress a pair of cases in which the original plaintiff transferred its interest in an asserted patent and became a non-exclusive licensee, and the courts found that the transferor lacked standing. See Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 305 F. Supp. 2d 939, 955–56 (E.D. Wisc. 2004), aff'd in part, rev'd in part, 402 F.3d 1198 (Fed. Cir. 2005). Those cases are inapposite because they turned on substantive patent law not implicated by the present case. See id. at 952, 956 (explaining that Rule 25(c) did not apply because of the "substantive patent law principle[]" that "non-exclusive licensees lack standing to sue for infringement").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

based on it fails.[7] To the extent defendants raise through their reply brief the alternative argument that the Selling Parties should be joined or substituted as plaintiffs under Rule 25(c), the Court addresses that argument below in its discussion of defendants' separate Rule 25(c) motion.

### C. Bioriginal's UCL Claim

Defendants make two arguments for entry of summary judgment on Bioriginal's UCL claim. The broader argument argument reads, in its entirety: "Furthermore, Plaintiff has produced no documents or other evidence to support the allegations that Defendants have engaged in unfair business practices." Dkt. No. 116 at 6. This bare statement, unadorned by citation to any evidence, is insufficient to meet a summary judgment movant's initial burden. The Ninth Circuit has made clear that "[a] moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000); see also Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) ("[I]t is never enough simply to state that the non-moving party cannot meet its burden at trial."). Because "at summary judgment, a nonmoving party plaintiff has no obligation to produce anything until the moving party defendant has carried its initial burden of production," Nissan Fire & Marine Ins. Co., 210 F.3d at 1107, the Court need not analyze the evidence submitted by Bioriginal in its

---

[7]Even if Rule 17(a) did apply, a court

> may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). Defendants' position that Bioriginal's "Second Amended Complaint should be dismissed in its entirety and the action should proceed solely on Defendants' Counterclaims" lacks merit for this additional reason.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

opposition to conclude that defendants' motion for partial summary judgment on Bioriginal's UCL claim based on a lack of supporting evidence should be denied.

Defendants also argue that Bioriginal's UCL claim must be dismissed because "an assignee cannot prosecute such claims." Dkt. No. 116 at 6. Defendants rely on Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court, 46 Cal. 4th 993 (2009). In that case, the California Supreme Court discussed the impact of Proposition 64, which amended the UCL by "requiring the plaintiff to be one 'who has suffered injury in fact and has lost money or property as a result of the unfair competition.' " Id. at 1002 (quoting Cal. Bus. & Prof. Code § 17204). This amendment "replaced the former standing provision which had allowed an unfair competition law action to be brought 'by any person acting for the interests of itself, its members or the general public.' " Id. at 1000 (citation omitted). The court explained that "[t]o allow a noninjured assignee of an unfair competition claim to stand in the shoes of the original, injured claimant would confer standing on the assignee in direct violation of the express statutory requirement" that the plaintiff herself have suffered an injury and lost money or property. Id. at 1002 (emphasis in original). Accordingly, the court dismissed UCL claims brought by unions who alleged that they were "the representatives of [the] defendants' employees" and that "over 150 employees and former employees . . . [had] assigned to [the] plaintiff unions their rights under the unfair competition law." Id. at 998–99, 1002.

Defendants are correct that, after Amalgamated Transit Union, UCL claims may not be assigned. See also Wertheim, LLC v. Currency Corp., No. B218547, 2012 WL 1854944, at *4 (Cal. Ct. App. May 22, 2012) (unpublished) (concluding that UCL claims are "nonassignable"). But the Court need not reach the question of whether Amalgamated Transit Union requires dismissal of the UCL claim, because Bioriginal has not been dismissed from this lawsuit and—as explained below—the Court will join, rather than substitute, the Selling Parties under Federal Rule of Civil Procedure 25(c). Therefore, to the extent defendants move for partial summary judgment because of an asserted lack of UCL-specific standing, that motion is denied without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **REDACTED CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

**D.    Bioriginal's Request for Factual Findings Pursuant to Federal Rule of Civil Procedure 56(g)**

In its opposition brief, Bioriginal requests that the Court find that twelve facts "have been established pursuant to Rule 56(g) of the Federal Rules of Civil Procedure." See Dkt. No. 132 at 12–14. That Rule provides: "If the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). Bioriginal, however, has not filed a motion for summary judgment, and has not offered any authority for applying Rule 56(g) to deem as established facts offered in an opposition to a different motion for summary judgment. Accordingly, Bioriginal's request for factual findings pursuant to Rule 56(g) is denied.

**IV.   MOTION TO SUBSTITUTE OR JOIN PLAINTIFFS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(c)**

Although the Court has rejected defendants' contention that the Assignment Agreement requires the dismissal of Bioriginal or any of their asserted claims, defendants move in the alternative to substitute the Selling Parties as plaintiffs in place of Bioriginal pursuant to Federal Rule of Civil Procedure 25(c). "At minimum," defendants contend, the Selling Parties should be joined as plaintiffs with Bioriginal. Dkt. No. 147 at 2.

**A.    Legal Standard**

Once a lawsuit has been initiated, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Substitution or joinder is not mandatory where a transfer of interest has occurred." Sun-Maid Raisin Growers of Cal. v. Cal. Packing Corp., 273 F.2d 282, 284 (9th Cir. 1959). Indeed, the "action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named." In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000) (citation omitted). Moreover, Rule 25(c) " 'is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

hands.' " Id. (quoting In re Covington Grain Co., 638 F.2d 1362, 1364 (5th Cir. 1981)). Thus, joinder or substitution is required only if "the court determines, in its discretion, that the transferee's presence would facilitate the case." 6 Jerry E. Smith, Moore's Federal Practice § 25.34[2] (2015); see also Panther Pumps & Equip. Co. v. Hydrocraft, Inc., 566 F.2d 8, 16 (7th Cir. 1977) ("The very nature of Rule 25(c) vests a great deal of discretion in the hands of the court. It is not mandatory that a substitution be made in every case of a transfer of interest.").

    **B.**     **Analysis**

    Defendants contend that the Selling Parties should be substituted in place of Bioriginal because (1) Bioriginal would no longer receive any recovery in this case or be responsible for paying any recovery to defendants; (2) the Assignment Agreement prevents Bioriginal from communicating with plaintiff's counsel without Westbridge's prior consent; (3) and Bioriginal can no longer resolve the matter. Dkt. No. 147 at 2. Essentially, defendants argue that Bioriginal has abandoned this litigation, and that the Selling Parties should be substituted so that this action is prosecuted in the name of those with the continuing stake. Defendants also argue that mediation efforts on September 15, 2014—ten days after the Assignment Agreement's effective date—were conducted in bad faith because most of the real parties in interest, including Westbridge, were not present, and that this absence "has prevented, and will continue to prevent, any resolution of these disputes between the parties." Dkt. No. 147 at 5–6. At oral argument, defendants' counsel also voiced his concern that any judgment be given full res judicata effect, so as to preclude any future lawsuit over the same dispute.

    Stressing the discretion Rule 25(c) vests in courts, Bioriginal responds that substitution is not required, and that maintaining the status quo is the most efficient way to continue this litigation. Bioriginal argues that defendants' characterization of Bioriginal as having no connection with the case is incorrect because Bioriginal's three principal witnesses—Vidal, Theriault, and Kupper—are current Bioriginal employees, and assignees under the agreement, and were part-owners of Bioriginal at the time of that agreement. See Dkt. No. 155 at 3; Dkt. No. 155-1 ¶ 2. Bioriginal's trial counsel declares that he "and other lawyers in my firm have no problem in communicating with all three of these Bioriginal employees in connection with our representation in this case." Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

No. 155-1 ¶ 4. The same attorney represents that Kupper "had authority to settle the case at the mediation on September 15, 2014." Id. ¶ 5.

     In light of the contentious history of this litigation and the rapidly approaching trial date, the Court concludes that substituting Bioriginal out of this action is not appropriate. See Eiteljorg v. Eiteljorg, No. 1:09-cv-0726-SEB-DML, 2012 WL 1574927, at *7 (S.D. Ind. May 3, 2012) ("Here, we are mindful of the long history between the litigants and find that maintaining the status quo of the parties is the best way to push this dispute ahead toward a final resolution on the merits."). This litigation has continued through extensive motion practice in the nearly eleven months since the Assignment Agreement became effective, and defendants have offered no persuasive, practical reason why dismissing Bioriginal less than two months before trial would facilitate the resolution of this action. See id. at *7 (explaining that Rule 25(c) is "intended to further the policy goals of efficient litigation"). Moreover, even without a substitution or joinder, any "judgment will be binding on the successor in interest even though the successor is not named." Federal Practice & Procedure § 1958.

     Still, because of the broad language in the Assignment Agreement regarding the litigation of this action, the Court concludes that it is appropriate to join those parties with Bioriginal as plaintiffs. See Dkt. No. 116-4 at 4 ("[T]he Selling Parties shall take over full carriage, defence, and prosecution of and responsibility for the Existing Litigation . . . at the Selling Parties' sole cost, risk, and expense."). Such joinder will ensure that the terms of the Assignment Agreement—which are governed by foreign law—do not interfere with the expedient trial of and final resolution of the issues presented by this action, and also ensure that any final judgment in this action is binding on all intended parties.

## V.   CONCLUSION

     In accordance with the foregoing, defendants' motion for partial summary judgment is **DENIED**. Bioriginal's request to deem certain facts as established pursuant to Federal Rule of Civil Procedure 56(g) is also **DENIED**. Defendants' motion made pursuant to Federal Rule of Civil Procedure 25(c) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is denied insofar as it seeks to substitute other parties in place of Bioriginal, but granted insofar as it seeks to join as plaintiffs the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 3, 2015 |
| Title | BIORIGINAL FOOD & SCIENCE CORP. v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

following parties: Westbridge Capital Ltd., Soren Oberg, Cameron Kupper, Starla Theriault, JD-PRMIM Holdings Ltd., Montevideo Holdings Ltd., Viatefit BV, Joe Vidal, and Johan Kamphius.

    IT IS SO ORDERED.

|  | 00 | : | 14 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |