UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jennifer Hayes | Dr. Dal Singh |
| Jeffrey Fillerup | Surjit Soni |

**Proceedings:**        VARIOUS MOTIONS *IN LIMINE*

## I.      INTRODUCTION

On August 7, 2013, plaintiff Bioriginal Food and Science Corporation ("Bioriginal") filed this action against defendants Biotab Nutraceuticals, Inc. ("Biotab") and Global Product Management, Inc.  In brief, Bioriginal alleges that defendants ordered specially designed nutritional supplements from Bioriginal, accepted delivery, then wrongfully refused to pay for the supplements.  The operative Second Amended Complaint ("SAC"), filed on March 26, 2014, asserts claims for (1) breach of contract, (2) account stated, (3) open book account, (4) goods provided, and (5) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* Defendants have filed counterclaims for breach of contract and violations of the UCL. Dkt. No. 30.

A trial in this matter is currently scheduled to begin on September 22, 2015.  On August 24, 2015 the Court held a hearing on plaintiffs' and defendants' motions *in limine*.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

## II.   PLAINTIFF'S MOTIONS IN LIMINE

### A.   Plaintiffs' Motion in Limine No. 1

Plaintiffs request that all witnesses be excluded from the courtroom during the testimony of other witnesses with the exception of a single officer or employee of each party designated as that party's representative by its attorney.  Defendants have not opposed this motion and it is the Court's custom to exclude non-party witnesses from the courtroom when not testifying.  Pursuant to Federal Rule of Evidence 615, the Court GRANTS plaintiffs' motion.

### B.   Plaintiffs' Motion in Limine No. 2

Plaintiffs move that all evidence regarding defendants damages be excluded due to untimely disclosure or, alternatively, that only evidence of defendants' damages of $347,500 listed in their initial disclosures be admissible.

Civil litigants' obligations to timely comply with discovery requests are governed by Federal Rule of Civil Procedure 26, which provides in pertinent part:

> Except as exempted by Rule 26(a)(1)(B), or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would solely be for impeachment . . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

Fed. R. Civ. P. 26(a)(1)(B)(i)–(ii). "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Id. 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). The party facing exclusion of evidence has the burden of showing that the failure to disclose was justified or harmless. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Id. at 1106.

Plaintiffs argue that defendants did not disclose their $14 million claim for damages until 90 days before the trial date. Pls.' Mot. in Lim. No. 2, at 2. Prior to that time, plaintiffs contend that, while defendants disclosed that they had "suffered significant and substantial damages," they did not disclose the specific amount of damages claimed or how damages would be calculated, except for stating that a total of $347,500 had been paid to plaintiff. Id. at 2-3. Plaintiffs argue that they have suffered prejudice because they have had insufficient time to complete discovery or prepare their response regarding defendants' claim for damages totaling $14 million. Id. at 6-7.

Defendants respond that, in their initial disclosures, they explicitly estimated their damages as: damages for lost profits, advertising, and media buying no less than $3 million; damages relating to product recall of between $3 and $5 million; and $347,500 paid to plaintiffs. Opp. to Pls.' Mot. in Lim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

No. 2, at 1-2.  As such, defendants argue that at least since June 20, 2014, the date of defendants' initial disclosures, plaintiffs have been on notice of the bases for defendants damages claims and the approximate value of those claims. Id.  Furthermore, defendants' argue that they have provided plaintiffs with extensive discovery on the issue of damages, including providing plaintiffs with the expert report of defendants' expert witness regarding damages.  Id. at 3-4.

The instant motion does not present a persuasive reason to exclude evidence regarding defendants' claim for damages because (1) the Court finds that plaintiffs were at least generally aware of the magnitude of defendants claim for damages and (2) plaintiffs' assertions of prejudice are unconvincing given that the court finds that they were made aware of the scope of defendants claim for damages.  Accordingly, the Court DENIES plaintiffs' motion.

## C.    Plaintiffs' Motion in Limine No. 3

Plaintiffs seek to exclude testimony from any witness not identified in defendants second amended initial disclosures.

In opposition, defendants argue that plaintiffs' motion is improper because discovery is ongoing and the parties are continuing to uncover witnesses who may need to be called to testify.  Opp. to Pls.' Mot. in Lim. No. 3, at 1.  In addition, defendants argue that plaintiffs' motion is improper because it merely seeks a blanket exclusion of a broad category of witnesses and fails to identify any actual witnesses plaintiff seeks to exclude.  Id.

The court finds that, because discovery is ongoing and because plaintiff has not identified specific witnesses whom they seek to exclude, plaintiff's motion is premature and overbroad.  See In re Homesetore.com, Inc., 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (denying as "over-broad and vague, and therefore inappropriate for review at the motion *in limine* stage," motion to exclude wide category of evidence).  Accordingly, the Court DENIES plaintiff's motion without prejudice to making specific objections to undisclosed witnesses at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

### D.    Plaintiff's Motion in Limine No. 4

Plaintiffs move to preclude defendants' expert witnesses from testifying about matters not identified in their expert reports.  Defendants argue that plaintiffs' motion "simply moves for a blanket and highly nebulous wholesale 'preclusion'" and fails to identify particular matters about which defendants' experts intend to testify outside the scope of their expert reports.

In general, expert witnesses are only permitted to testify regarding matters disclosed in their expert reports.  See U.S. Fid. & Guar. Co. v. Lee Invs. LLC, 641 F.3d 1126, 1138 (9th Cir. 2011) ("A district court does not abuse its discretion in limiting expert testimony to the…subjects contained in the expert's disclosure.").  However, the Court finds plaintiffs' request is overbroad and therefore inappropriate for review on a motion in limine.  See In re Homestore.com, Inc., 2011 WL 291176, at *2; Colton Crane Co. v. Terex Cranes Wilmington, Inc., 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.").  Accordingly, the Court DENIES plaintiffs' motion without prejudice to making specific objections to the expert testimony offered by defendants at trial.

### E.    Plaintiff's Motion in Limine No. 5

Plaintiffs seek to have defendants' expert reports stricken and the trial testimony of defendants' experts be excluded because defendants' experts have failed to identify the facts and data relied upon in formulating their reports.  Plaintiffs argue that, while defendants have provided extensive backup documentation for their expert's reports, the reports do not specifically identify this documentation by its bates-labeled numbers.  Pl.'s Mot. in Lim. No. 5, at 4.

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), an expert report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

(ii) the facts or data considered by the witness in forming them....

Fed. R. Civ. P. 26(a)(2)(B).  Because plaintiff concedes that they have received extensive documentation supporting defendants' expert reports, the Court finds that defendants have sufficiently complied with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).  Moreover, plaintiffs cite no authority for the proposition that an expert's failure to cite Bates numbers warrants that expert's exclusion.  Accordingly, the Court DENIES plaintiffs' motion.

### F.    Plaintiff's Motion in Limine No. 6

Plaintiffs seek an order excluding all evidence supporting defendants claim for damages as a result of lost profits as unduly speculative.  In support of this motion, plaintiffs identify a number of alleged defects in the conclusions of defendants expert witness regarding lost profits, Henry Kahrs ("Kahrs").  Pls.' Mot. in Lim. No. 6, at 3-6.  For example, plaintiffs criticize Kahrs report for calculating lost profits over a period of five years, as opposed to a shorter period, and for including lost sales to Wal-Mart in his calculation.  Id. at 4.  Furthermore, plaintiffs argue that Kahrs report was not "conservative" because he allegedly did not consider alternative outcomes which may have resulted in a lower valuation of lost profits.  Id. at 5.

However, plaintiffs' complaints speak to the weight that should be accorded to Kahr's report, not its admissibility, and are more appropriately the subject of cross-examination.  See Freeland v. Irridium World Commc'ns., Ltd., 545 F.Supp. 2d 59, 88 (D.D.C. Apr. 3, 2008) ("Motorolla may cross-examine Saunders about the factual basis of his opinions, but its disagreements with that factual basis does not affect the testimony's admissibility.")  Accordingly, the court DENIES plaintiffs motion.

### G.    Plaintiff's Motion in Limine No. 7

Plaintiff's seek to exclude evidence of defects and deficiencies in the products they delivered to defendants.  Plaintiffs argue that this evidence is irrelevant and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

introduction of this evidence would be time consuming, confusing, and prejudicial.  Pls.' Mot. in Lim. No. 7, at 3-4.

"Only relevant evidence, defined as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence,' is admissible in federal court."  Boyd v. City & Cnty. of San Francisco, 576 F.3d 938, 943 (9th Cir. 2009) (citing Fed. R. Evid. 401 & 402)).  "Otherwise relevant and admissible evidence may still be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' "  Id. at 947 (quoting Fed. R. Evid. 403).

Defendants argue that this evidence is relevant because failure to deliver goods in conformity with the contract would constitute a fundamental breach by plaintiffs.  Opp. to Pls.' Mot. in Lim. No. 7, at 3.  Defendants assert that evidence of plaintiffs' fundamental breach may entitle defendants to cancel the parties' contract and seek damages.  Id.

The Court finds that this evidence is directly relevant to both plaintiffs' and defendants' claims for breach of contract.  Furthermore, plaintiffs do not identify a specific reason why the risk of prejudice from admitting evidence of defects and deficiencies in their products is so significant that it substantially outweighs the probative value of this evidence.  Accordingly, the Court DENIES plaintiffs' motion.

### H.    Plaintiff's Motion in Limine No. 9

Plaintiffs seek to exclude any evidence of the Neptune patents and any alleged infringement of those patents pursuant to Federal Rules of Evidence 401, 402, and 403.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|----------|------------------------|------|-----------------|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

Defendants allege that plaintiffs knowingly infringed patents owned by Neptune Technologies and Bioresources, Inc. ("Neptune"). Defs.' Answer and First Amended Affirmative Defenses, Dkt. 71. Defendants assert that use of these patents was essential in order for plaintiffs to produce the nutritional supplements specified in the parties agreement. Id. In their counterclaims for breach of contract and fraud, defendants claim that plaintiffs' infringement of these patents either entitles defendants to damages or excuses any alleged breach of contract by defendants. See Opp. to Pls.' Mot. in Lim. No. 9, at 2. Furthermore, numerous of defendants affirmative defenses are predicated, at least in part, on information relating to the Neptune patents. Defs.' Answer and First Amended Affirmative Defenses, Dkt. 71. These affirmative defenses include fraudulent omission by failing to disclose that plaintiffs were not entitled to use essential patents, non-compliance with patent laws, failure to supply goods in conformity with contract specifications (i.e. non-infringing goods), and illegality based on infringement of the Neptune patents. Id.

Plaintiffs respond that evidence regarding patent infringement is irrelevant and would unduly prejudice these proceedings. Pls.' Mot. in Lim. No. 9, at 2-3. Plaintiffs argue that this evidence should be excluded because (1) defendants were informed of plaintiffs potential infringement of the Neptune patents, (2) no claims have ever been asserted against defendants for infringement of the Neptune patents, and (3) plaintiffs have subsequently obtained a license to use the Neptune patents and a number of the Neptune patents have since been invalidated. Id. at 3.

Plaintiffs' arguments are unavailing primarily because their request is overbroad. Evidence related to the Neptune patents is potentially relevant to several of defendants' counterclaims and affirmative defenses. For example, this evidence may be relevant to defendants affirmative defense of fraudulent inducement, which is based on a theory that defendants would not have entered into an agreement with plaintiffs had they known that the products provided by plaintiffs to defendants might be accused of infringement, subjecting the defendants to potential business interruption and/or the cost of defending a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

lawsuit. Whether any "patent related" evidence supports this or any other defense will have to be determined on a case-by-case basis.

The Court agrees with plaintiffs, however, that introducing evidence of patent infringement at this juncture caries a risk of unduly complicating trial. The Court is not inclined to hold a mini-trial within a trial on a claim of patent infringement – which has not been properly put before the Court in any event. However, the Court will reserve ruling on this issue – and the admissibility of particular evidence – until trial. Plaintiffs' motion is therefore DENIED without prejudice to making specific objections to evidence relating to the Neptune patents offered at trial.

## III.   DEFENDANTS' MOTIONS IN LIMINE

### A.   Defendants' Motion in Limine No. 1

Defendants seek to exclude evidence regarding defendants' payment practices unrelated to the transactions in this case. Specifically, defendants move to prevent plaintiffs from introducing evidence of former payment disputes between defendants and third parties. Defs.' Mot. in Lim. No. 1, at 4.

Defendants argue that this evidence is irrelevant because it involves unrelated disputes concerning products and transactions not at issue in this case. Id. Moreover, defendants assert that introduction of this evidence will prejudice these proceedings by confusing the jury with details of these extraneous disputes. Id. at 4-5.

Plaintiffs respond that this evidence is relevant to establish that defendants have a pattern and practice of not paying their vendors. Opp. to Defs.' Mot. in Lim. No. 1, at 2-3. Furthermore, they argue that evidence of defendants' past payment practices is relevant to show that defendants fraudulently induced plaintiffs to enter a contract by failing to disclose their prior disputes with other vendors. Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

At this juncture, the Court finds that evidence of prior payment disputes between defendants and third parties is not relevant to the instant case because it is evidence regarding collateral matters.  Additionally, should plaintiffs be permitted to offer this evidence at trial it would potentially cause undue delay and create a series of mini-trials on collateral matters that would be wasteful of the Court's time.  Moreover, to the extent this evidence is proffered as evidence of a pattern or practice of defendants not paying their vendors, it appears to be more in the nature of propensity evidence which would be unfairly prejudicial to defendants.

Accordingly, the Court GRANTS defendants' motion.  However, the Court notes that, depending on what evidence the parties present at trial, this evidence may become relevant or it may be admissible for another purpose.

### B.     Defendants' Motion in Limine No. 2

Defendants seek to exclude evidence regarding any other litigation involving defendants.  Specifically, defendants move to preclude plaintiffs from introducing evidence of litigation between defendants and third parties to establish that defendants have a history of fraudulent business practices such as not paying vendors and violating various labelling and packaging laws.  Defs.' Mot. in Lim. No. 2, at 4.

Defendants argue that this evidence is irrelevant because it involves unrelated facts, circumstances, and parties.  Id. at 4.  Moreover, defendants argue that admission of this evidence would mislead the jury and unduly delay these proceedings.  Id. at 6.  Plaintiffs respond that this evidence is relevant to establish defendants' history of deceptive and fraudulent business practices in connection with its relationship with Bioriginal.  Opp. to Defs.' Mot. in Lim. No. 2, at 3-4.  Specifically, plaintiffs argue that defendants failure to disclose their history of adverse litigation constituted a fraudulent omission giving rise to liability pursuant to the UCL.  Id. at 5-6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|----------|------------------------|------|-----------------|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

For the reasons stated regarding defendants motion in limine No. 1, the Court find that evidence of ancillary disputes between defendants and third parties are not relevant to the instant case at this time.  Furthermore, the Court agrees with defendants that exposing the jury to evidence of these disputes could result in confusion and cause unfair prejudice and delay.

Accordingly, the Court GRANTS defendants' motion.  Once again, the Court notes that, depending on what the parties present at trial, this evidence may become relevant or it may be admissible for another purpose.

### C.      Defendants' Motion in Limine No. 3

Defendants seek to exclude evidence regarding The People Of the State of California v. Biotab Nutraceuticals, Inc., et al, Orange Country Superior Court, Case No. 30-2011-00491498 ("the Orange County litigation").

Plaintiffs have alleged that, several years before the contract at issue in this case was formed, Biotab was charged by the Orange County District Attorney's office with violating California Business and Professional Code section 17200 in connection with their marketing and sale of dietary supplements.  Opp. to Defs.' Mot. in Lim. No. 3, at 4. The Orange County litigation resulted in a court order requiring Biotab to pay substantial fines and adhere to various requirements in manufacturing and labeling dietary supplements.

Defendants argue that evidence of the Orange County litigation is irrelevant because it does not relate to any of the issues in this case.  Defs.' Mot. in Lim. No. 3, at 3. Moreover, they assert that this evidence would prejudice the jury by imputing criminal guilt on defendants.  Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|----------|----------------------|------|-----------------|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

Plaintiffs respond that this evidence establishes that defendants fraudulently induced plaintiffs to enter into a contract by failing to disclose details of the Orange County litigation.  Opp. to Defs.' Mot. in Lim. No. 3, at 5-6.  Furthermore, they assert that evidence of defendants' prior violations of product labeling laws refutes any allegations that plaintiffs were at fault for mislabeling of products in this case.  Id. at 6.

The Court finds that evidence of the Orange County litigation is not relevant to the instant case because it involves an entirely unrelated dispute.  Moreover, the Court agrees with defendants that presenting evidence of a legal dispute between Biotab and the Orange County District Attorney's office would cause unfair prejudice to defendants.  Accordingly, the Court GRANTS defendants' motion.

### D.    Defendants' Motion in Limine No. 4

Defendants seek to exclude testimony from plaintiffs' unretained expert Rakesh Kapoor ("Kapoor") because they allege that plaintiffs failed to timely disclose the facts and data relied upon by Kapoor.

Pursuant to Federal Rule of Civil Procedure 26(a), a party offering the testimony of an unretained expert witness must disclose:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; AND

(ii) a summary of the facts and opinion to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)©.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | | Date | August 24, 2015 |
|----------|------------------------|---|------|-----------------|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | | |

On April 16, 2014, the Court set a cut-off date of July 6, 2015 for expert discovery. Dkt. 64. Plaintiffs contend that by this date they disclosed to defendants their intention to offer the testimony of Kapoor, the topics to which he would testify, and a summary of the facts and opinions to which he would testify. Opp. to Defs.' Mot. in Lim. No. 4**,** at 4. Moreover, plaintiffs contend that on July 28, 2015 defendants deposed Kapoor. Id. at 4-5.

Defendants do not provide a persuasive reason for excluding the testimony of Kapoor because plaintiffs appear to have fulfilled their disclosure obligations under Federal Rule of Civil Procedure 26(a)(2)(C). Furthermore, because defendants have had the opportunity to depose Kapoor, the Court is not convinced that they will suffer any prejudice if plaintiffs are permitted to offer Kapoor's testimony at trial. Accordingly, the court DENIES defendants' motion.

### E.    Defendants' Motion in Limine No. 5

Defendants' seek to exclude evidence regarding settlement communications pursuant to Federal Rule of Evidence 408. Specifically, defendants' seek to exclude an April 27, 2015 email from Gregory Andruk to Omega Protein Corporation ("the Andruk Email"). Defs.' Mot. in Lim. No. 5, at 3-4.

Federal Rule of Evidence 408 states, in pertinent part:

(a) Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|----------|------------------------|------|-----------------|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

(1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
(2) conduct or a statement made during compromise negotiations about the claim

Fed. R. Evid. 408.

Defendants argue that the Andruk Email was a communication made in the context of settlement negotiations. Defs.' Mot. in Lim. No. 5, at 4. Plaintiffs respond that the Andruk Email makes no reference to settlement and offers no settlement. Opp. to Defs.' Mot. in Lim. No. 5, at 4. Plaintiffs further respond that the Andruk Email was not part of any settlement dialogue, but rather was a unilateral threat against plaintiffs. Id.

It appears that there is a dispute regarding whether the Andruk Email was sent in response to settlement overtures from plaintiffs. However, even if this email was sent in response to a settlement overture, nothing contained within the email is in the nature of a settlement communication. Accordingly, based on the facts presented, the Court is unable to conclude that the Andruk Email was a settlement communication for purposes of Federal Rule of Evidence 408. Defendants' motion is therefore DENIED.

## F.    Defendants' Motion in Limine No. 6

Defendants seek to exclude evidence relating to any alleged non-disclosure, fraud, and misrepresentation by defendants. Defendants argue that because plaintiffs' claims for fraud and misrepresentation have been dismissed this evidence is irrelevant and prejudicial. Defs.' Mot. in Lim. No. 6, at 3. Plaintiffs respond that this evidence is still

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|----------|------------------------|------|-----------------|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

relevant to their claim brought pursuant to the UCL.  Opp. to Defs.' Mot. in Lim. No. 6, at 3.

To the extent defendants seek an order excluding all evidence of non-disclosure, fraud, and misrepresentation which may be used to support plaintiffs' claim under the UCL, the Court finds that defendants motion is overbroad and therefore inappropriate for resolution on a motion *in limine*.  However, to the extent plaintiffs intend to introduce evidence of defendants prior dealings with third parties which were the subject of defendants motions *in limine* Nos. 1, 2, and 3, the Court GRANTS defendants' motion for the reasons stated above.

### G.      Defendants' Motion in Limine No. 9

Defendants seek to exclude evidence and testimony from all of plaintiff's witnesses other than those identified by plaintiff in its motion papers regarding discovery. Specifically, defendants contend that, on July 21, 2015, plaintiffs filed an opposition regarding defendants request for additional depositions in which plaintiffs represented their intention to call only ten witnesses to testify at trial.  Defs.' Mot. in Lim. No. 9, at 2. Defendants assert that plaintiffs should now be judicially estopped from calling additional witnesses not identified in their earlier motion papers.  Id.

Pursuant to Local Rules 16-2.3 and 16-2.4, the parties are required to disclose all exhibits to be used and all witnesses to be called at trial to one another prior to submitting their final pretrial conference order.  Local Rules 16-5 and 16-6.1 require the parties to submit to the Court joint lists of all witnesses and exhibits to be used at trial.  Defendants' motion to impose further limitations has no basis in the local rules or any cited authority. Moreover, to the extent plaintiffs have identified all of their intended witnesses in the parties pretrial conference order, defendants have not established that permitting plaintiffs to call their intended witness will result in any unfair surprise.  Accordingly, the Court DENIES defendants motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

### H.    Defendants' Motion in Limine No. 10

Defendants seek to exclude evidence and testimony regarding all documents not produced in response to discovery requests.  Defendants assert that throughout the course of discovery plaintiffs either failed to produce or did not timely produce numerous relevant documents.  Defs.' Mot. in Lim. No. 10, at 2.  Defendants argue that plaintiffs should be prevented from introducing any of these documents at trial.  Id. at 3.

To the extent defendants seek a broad order excluding any evidence not produced, timely or otherwise, during discovery, the Court finds defendants' motion is overbroad and vague and therefore inappropriate for review on a motion in limine.  See In re Homesetore.com, Inc., 2011 WL 291176, at *2; Colton Crane Co., 2010 WL 2035800, at *1.

Defendants have also identified six specific categories of evidence which they allege plaintiffs failed to timely produced.  Defs.' Mot. in Lim. No. 10, at 3-4.  However, in five of the six categories, defendants acknowledge that as of April or May of this year they were provided with the relevant documents.[1]  Id.  Accordingly, because defendants have had several months to review these documents, the Court finds that defendants have failed to establish that they suffered prejudice as a result of plaintiffs' alleged delay in producing these documents.

For the foregoing reasons, the Court DENIES defendants' motion without prejudice to making specific objections to evidence and testimony offered by plaintiffs at trial.

---

[1] As for the sixth category, documents relating to plaintiffs' mitigation efforts, defendants' motion in limine no. 12 specifically requests that the Court exclude that evidence on account of plaintiffs alleged failure to produce relevant documents.  The Court will address the admissibility of that evidence in its discussion of defendant's motion in limine no. 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-CV-05704-CAS(Ex) | | Date | August 24, 2015 |
|---|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | | |

## I.     Defendants' Motion in Limine No. 11

Defendants have filed a motion in limine requesting that the Court take judicial notice of an International Trade Commission ("ITC") proceeding filed against Bioriginal for patent infringement. At oral argument counsel for defendants indicated that they intended for the Court to take judicial notice of the ITC proceeding in order to demonstrate that plaintiffs had notice of pending charges of patent infringement against them. The Court finds that this is not an appropriate subject matter for judicial notice. Accordingly, defendants' motion is DENIED without prejudice. However, nothing herein is intended to preclude defendants from questioning plaintiffs representatives at trial regarding the pendency of the ITC proceeding and plaintiffs knowledge that they have been accused of infringing patents essential to the products they contracted to sell defendants. Furthermore, to the extent plaintiffs deny the existence or their knowledge of the ITC proceeding at trial, it may be appropriate for defendants to renew their request for judicial notice.

## J.     Defendants' Motion in Limine No. 12

Defendants seek to exclude all evidence regarding plaintiffs' mitigation efforts because they allege plaintiffs failed to produce evidence or witnesses regarding these efforts during discovery.

Defendants have alleged, as an affirmative defense, that plaintiffs failed to take efforts to mitigate their damages. Defs.' Answer and First Amended Affirmative Defenses, Dkt. 71. Because defendants have placed plaintiffs mitigation efforts at issue, they cannot now seek an order precluding plaintiffs from introducing evidence regarding mitigation. To permit otherwise, would effectively foreclose plaintiffs from contesting one of defendants' affirmative defenses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

Moreover, plaintiffs assert that they have provided defendants with more than 190 pages of documents relating to mitigation. Opp. to Defs.' Mot. in Lim. No. 12, at 3. Plaintiffs also assert that they have previously made two witnesses available for depositions on the subject of mitigation, but that defendants unilaterally canceled these depositions. Id.

Finally, even if plaintiffs had failed to produce evidence regarding their mitigation efforts, defendants have cited no authority for the proposition that the appropriate remedy would be to wholly preclude plaintiffs from introducing evidence regarding mitigation. Accordingly, the Court DENIES defendants' motion.

### K.    Defendants' Motion in Limine No. 13

Defendants seek to exclude any evidence regarding plaintiff's entitlement to interest in this case. Defendants assert that plaintiffs have previously demanded pre-judgment interest at a usurious rate in violation of the California Constitution. Defs.' Mot. in Lim. No 13, at 3. Therefore, defendants argue that plaintiffs have forfeited their right to recover interest in this case. Id.

Defendants' motion requests a legal determination of plaintiffs right to interest. The Court therefore views this motion as an improper attempt to obtain summary judgement and, accordingly, DENIES defendants' motion. See Valdovinos v. Cnty. of Los Angeles, 2008 WL 2872648, at *2 (C.D. Cal. Jul. 23, 2008) (denying motion in limine because "it is nothing more than a stealth summary judgment motion").

### L.    Defendants' Motion in Limine No. 15

Defendants seek to exclude all evidence and testimony regarding plaintiffs' hard cost damages due to untimely disclosure.

Defendants argue that plaintiffs did not assert hard cost damages until May 28, 2015. Defs.' Mot. in Lim. No. 15, at 3. Therefore, defendants argue that, pursuant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

to Federal Rules of Civil Procedure 26(a) and 37(c)(1), plaintiffs' evidence of hard cost damages is not timely disclosed and should be excluded at trial.  Id. at 3-4.  Plaintiffs respond that they first disclosed their hard cost damages in their initial disclosures on June 20, 2014.  Opp. to Defs.' Mot. in Lim. No. 15, at 3.  Furthermore, plaintiffs assert that they have produced numerous documents, including bank records, invoices, and check stubs, which support their claims for hard cost damages.  Id. at 5-7.

Defendants do not present a persuasive reason to exclude evidence of plaintiffs' hard cost damages because plaintiffs appear to have complied with their disclosure obligations pursuant to Federal Rule of Civil Procedure 26(a).  Moreover, because defendants acknowledge that evidence of plaintiffs' hard cost damages was disclosed, at the latest, by May 28, 2015, several months before trial, they have failed to establish that they have suffered any prejudice from plaintiffs alleged untimely disclosure.  Accordingly, the Court DENIES defendants' motion.

### M.      Defendants' Motion in Limine No. 16

Defendants seek to exclude evidence and testimony from witnesses plaintiffs did not disclose until late May 2015.  Defendants argue that they have been prejudiced by plaintiffs' alleged delay in disclosing these witnesses.  Specifically, defendants appear to argue that plaintiffs' amendments to their initial disclosures were untimely.

Pursuant to Federal Rule of Civil Procedure 26(e), "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  As such, plaintiffs had an ongoing obligation to amend their initial disclosures as additional witnesses with relevant information became known to them. Furthermore, plaintiffs argues that all of their amendments to their initial disclosures were made before the close of discovery on August 17, 2015.  Opp. to Defs.' Mot. in Lim. No. 16, at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

Accordingly, because plaintiffs appear to have met their disclosure obligations pursuant to Federal Rule of Civil Procedure 26(e), the Court DENIES defendants' motion.

### N.    Defendants' Motion in Limine No. 17

Defendants seek to preclude plaintiffs from introducing evidence of damages greater than $841,000.  Defendants allege that in a letter dated April 24, 2013, before this suit was commenced, plaintiffs requested payment of $841,000 for previously shipped products. Defs.' Mot. in Lim. No. 17, at 3.  Defendants argue that plaintiffs should now be prevented from introducing evidence of damages beyond this amount.  Id.

However, defendants cite no authority for the proposition that a pre-suit communication can limit the amount of damages a party may allege at trial.  Furthermore, plaintiffs have subsequently requested damages far greater than $841,000.  See Opp. to Mot. in Lim. No. 17, at 3-4.  To the extent defendants seek to limit the amount of damages plaintiffs are entitled to request at trial, the Court views this motion as an improper attempt to obtain summary judgment.  See Colton Crane Co., 2010 WL 2035800, at *1 (explaining that motions *in limine* are not appropriate vehicles for resolving factual disputes and "should not be used as disguised motions for summary judgment").  Accordingly, the Court DENIES defendants' motion.

### O.    Defendants' Motion in Limine No. 18

Defendants seek to exclude evidence and testimony from any witness on matter they refused to answer or claimed to have no knowledge of during depositions. Defendants assert broadly that several of plaintiffs' witnesses refused to answer questions during discovery.  Defs.' Mot. in Lim. No. 18, at 4.  However, defendants do not specify which testimony they seek to exclude or which witnesses they allege refused to answer their questions during discovery.

The Court finds defendants' request is overbroad and vague and therefore inappropriate for review on a motion in limine.  See In re Homesetore.com, Inc., 2011 WL 291176, at *2; Colton Crane Co., 2010 WL 2035800, at *1.  Moreover, defendants motion is procedurally improper.  If, as defendants contend, plaintiffs witnesses were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

unresponsive during depositions, the appropriate remedy would have been to seek an order compelling their testimony.  See W.R. Grace & Co. v. Viskase Corp., 1991 WL 211647, at *4 (N.D. Ill. Oct. 15, 1991) ("[Plaintiff's] motion *in limine* is procedurally improper.  If [plaintiff] contends that [defendant] has wrongfully resisted discovery, then [plaintiff] should have filed a motion to compel.").  Accordingly, the Court DENIES defendants' motion without prejudice to making specific objections to the testimony offered by plaintiffs at trial.

### P.      Defendants' Motion in Limine No. 19

Defendants seek to exclude plaintiff's rebuttal expert witnesses because they allege plaintiffs have failed to offer these witnesses for deposition.  However, subsequent to defendants filing this motion, plaintiffs assert that they have offered their rebuttal experts for deposition.  Opp. to Mot. in Lim. No. 19, at 3.  Based on plaintiffs representations, it appears that this motion is moot.  Accordingly, the Court DENIES defendants' motion.  See Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (holding that, while failure to comply with a court order to produce evidence may support sanctions pursuant to Federal Rule of Civil Procedure 37, mere delay in production will not).  If defendants disagree with plaintiffs' representation they may raise this issue at the hearing.

### Q.      Defendants' Motion in Limine No. 20

Defendants move to preclude defendants' expert witnesses from testifying about matters not identified in their expert reports.  However, defendants fail to identify a particular matter on which plaintiffs' experts intend to testify which is outside the scope of their expert reports.

For the same reasons stated above regarding plaintiffs' motion in limine no. 4, the Court finds defendants' motion is overbroad and therefore inappropriate for review on a motion in limine.  See In re Homestore.com, Inc., 2011 WL 291176, at *2; Colton Crane Co., 2010 WL 2035800, at *1.  Accordingly, the court DENIES defendants' motion without prejudice to making specific objections to the expert testimony offered by plaintiffs' at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'**

| Case No. | 2:13-CV-05704-CAS(Ex) | Date | August 24, 2015 |
|---|---|---|---|
| Title | BIORIGINAL FOOD & SCIENCE CORP., ET AL v. BIOTAB NUTRACEUTICALS, INC., ET AL. | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiffs' motion *in limine* no.1 and defendants' motions *in limine* nos. 1, 2, 3, and 6.  The Court DENIES plaintiffs' motions *in limine* nos. 2, 3, 4, 5, 6, 7, and 9, and defendants' motions *in limine* nos. 4, 5, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20.

IT IS SO ORDERED.

|  | 00 | : | 28 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |